FAGG, Circuit Judge.
Dewey E. Towner owns Central Air Southwest, Inc., a commercial air freight carrier that leases its aircraft from Central Airlines, Inc. In 1993, the Federal Aviation Agency (FAA), through its employees William D. Stewart, Walter J. Hutchings, Thomas E. Stuckey, John C. Curry, Mark G. Camacho, and Timothy C. Titus (the employees), brought civil penalty actions against Towner, Central Air Southwest, and Central Airlines (collectively the carriers). Based on the employees’ interpretation of FAA regulations, the FAA told the carriers their planes needed additional equipment to fly in known or forecasted icing conditions, and the FAA threatened to fine the carriers and ground their planes if operations continued. To avoid the fines, the carriers broke their air freight contracts and installed the specified equipment. According to the carriers, the FAA later admitted the employees’ “previous interpretation [of the regulations] was incorrect.” (Pis.’ Am. Compl. ¶ 35.)
Claiming a loss of nearly eight million dollars, the carriers sued the United States, the FAA, and the employees. Aside from other claims not involved in this appeal, the carriers allege the employees violated the carriers’ Fifth Amendment equal protection and substantive due process rights when the employees initiated the civil penalty actions “based upon incorrect versions of applicable law.” (Pis.’ Am. Compl. ¶ 65.) Asserting qualified immunity, the employees filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the constitutional claims. The district court denied the employees’ motion, but granted Stewart’s and Stuckey’s motion to dismiss for lack of personal jurisdiction. The four remaining employees appeal. See Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir.1996) (holding denial of motion to dismiss on qualified immunity grounds is an appeal-able final order), cert. denied, — U.S.-, 117 S.Ct. 1081, 137 L.Ed.2d 216 (1997).
We review de novo the district court’s denial of qualified immunity, and like the district court we view as true the asserted and incorporated allegations in the equal protection and substantive due process counts of the carriers’ complaint. See id. at 266-67. We also construe all reasonable inferences from the allegations favorably to the carriers. See id. Dismissal is inappropriate “unless it appears beyond doubt [the carriers] can prove no set of facts in support of [their constitutional] claim[s] which would entitle [them] to relief.” Id. at 266 (internal quotations omitted). The employees contend they are entitled to qualified immunity because the allegations in the challenged counts are insufficient to state a violation of the carriers’ constitutional rights. See Merritt v. Reed, 120 F.3d 124, 126-27 (8th Cir.1997).
We first take up the carriers’ equal protection claim. Although equal protection claims are often based on suspect classifica *335 tions such as race, the Equal Protection Clause also prohibits government officials from selectively applying the law in a discriminatory way. See Snowden v. Hughes, 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497 (1944); Batra v. Board of Regents of Univ. of Neb., 79 F.3d 717, 721 (8th Cir.1996). The carriers allege the employees singled them out for enforcement while ignoring other airlines that also lacked the specified equipment. Unequal application of the regulations in question, however, does not violate equal protection unless “there is shown to be present in it an element of intentional or purposeful discrimination.” Snowden, 321 U.S. at 8, 64 S.Ct. at 401. In their complaint, the carriers claim the employees based their enforcement decision on an “incorrect” interpretation of the law and thus the employees “did not follow easily discoverable FAA precedent.” (Pis.1 Am. Compl. ¶ 35.) The carriers tell us what they mean by their allegation of incorrectness in their brief where they make clear their constitutional claims are anchored on the “employees!”] [enforcement] of an erroneous interpretation of the [FAA’s] [i]cing [regulations.” (Pis.’ Br. at 1.) Even when the issue of qualified immunity on the carriers’ constitutional claims was submitted below, the district court wanted the carriers’ counsel to explain “the essence of your case,” stating “[i]n other words; you haven’t alleged a racial or religious or some other improper motive” (emphasis added), and counsel answered “[n]o.” (Hr’g. Tr. at 18-19.) Although we find elsewhere in the carriers’ complaint an allegation that the employees “did not act in good faith” (Pis.’ Am. Compl. ¶ 48), this allegation was neither pleaded nor incorporated in the carriers’ equal protection count (the same is also true for the substantive due process count), and we cannot read an allegation into the count that is not there: See Bauchman v. West High School, 132 F.3d 542, 550 (10th. Cir.1997); Cannon v. University of Chicago, 648 F.2d 1104, 1110 (7th Cir.1981). Despite “the key requirement [that plaintiffs]] allege and prove unlawful, purposeful discrimination,’’ Batra, 79 F.3d at 722, and the carriers’ recognition they “must allege unlawful, intentional discrimination” (Pis.’ Br. at 4),- nowhere in the equal protection claim do they allege anything more than the employees' simply made a mistaken decision — an allegation we must accept, as true, see Hafley, 90 F.3d at 266. Instead of pleading the element of intentional or purposeful discrimination, see Snowden, 321 U.S. at 8, 64 S.Ct. at 401, the carriers chose an allegation that is fatal to their equal protection claim.
Similarly, the carriers base their substantive due process claim on the employees’ erroneous interpretation of FAA regulations. (See Pis.’ Am. Compl. ¶¶ 35 & 65; Br. at 1.) “Assuming this to be true, [the employees mistaken interpretation is] nothing more than a misjudgment of law” that falls far short of the arbitrary, capricious and flagrant conduct that must be present to establish a substantive due process claim. Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir.1990). Although the carriers were on the receiving end of a bureaucratic blunder, the employees are entitled to qualified immunity on this claim.
We reverse and remand to the district court to dismiss counts III and IV of the carriers’ amended complaint for failure to state constitutional claims for which relief can be granted.