# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 98-2652WM

————————

| | | |
|---|---|---|
| Central Airlines, Inc.; Central Air Southwest, Inc.; Dewey E. Towner, doing business as Central Air Southwest, | * * * * * | |
| Appellants, | * * | |
| v. | * * | |
| | * | Appeal from the United States |
| United States of America; Federal | * | District Court for the Western |
| Aviation Agency; William D. Stewart; | * | District of Missouri. |
| Walter J. Hutchings; Thomas E. | * | |
| Stuckey; John C. Curry; Mark G. | * | [PUBLISHED] |
| Camacho; Timothy C. Titus, | * | |
| | * | |
| Appellees. | * | |

————————

Submitted: February 8, 1999
Filed: March 18, 1999

————————

Before FAGG and HANSEN, Circuit Judges, and ROSENBAUM,[*] District Judge.

————————

PER CURIAM.

————————

[*]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

After conducting an inspection, the Federal Aviation Administration (FAA) informed Central Airlines, Inc., Central Air Southwest, Inc., and Dewey E. Towner, doing business as Central Air Southwest, (collectively "Central Airlines") that their planes did not comply with federal regulations governing flight in known or forecast icing conditions. Central Airlines protested the FAA's interpretation of the applicable regulations but, faced with threats of fines and the grounding of any noncompliant aircraft, Central Airlines installed the required equipment. The FAA later admitted it had incorrectly interpreted the regulations. Central Airlines then filed suit against the United States and the FAA employees who conducted the inspection. The employees moved to dismiss the claims against them, and that motion was ultimately granted. See Central Airlines, Inc. v. United States, 138 F.3d 333, 334-35 (8th Cir. 1998). The Government also moved to dismiss Central Airlines' negligence claim brought under the Federal Tort Claims Act (FTCA). The district court granted the Government's motion, Central Airlines now appeals, and we affirm.

Central Airlines contends the district court committed error in dismissing its negligence claim. We disagree. The FTCA allows claims against the United States for the negligent acts of its employees only if "a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1) (Supp. II 1996); see 28 U.S.C. § 2674 (1994) (United States liable in tort "in the same manner and to the same extent as a private individual under like circumstances"); Klett v. Pim, 965 F.2d 587, 589 (8th Cir. 1992) (same). The parties agree that the acts and omissions in this case occurred in Missouri.

Central Airlines alleged in its complaint that its negligence claim was based on the FAA's failure "to fairly and accurately interpret, inform about, and enforce the rules and regulations concerning . . . flight into forecast or known icing conditions." As the district court properly concluded, Missouri law does not recognize a

negligence cause of action analogous to Central Airlines' claim against the FAA for misinterpreting FAA regulations. Apparently recognizing the flaw in this argument as presented to the district court, Central Airlines now contends its claim under the FTCA was also based on the FAA's negligent inspection of Central Airlines' aircraft. Central Airlines did not plead this negligent inspection contention in its complaint, nor did Central Airlines bring that contention to the district court's attention in its briefs or during the hearing on the Government's motion to dismiss. Because Central Airlines raises its negligent inspection argument for the first time on appeal, we decline to address it. See Dorothy J. v. Little Rock Sch. Dist., 7 F.3d 729, 734 (8th Cir. 1993).

We affirm the district court's dismissal of Central Airlines' negligence claim.


A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.