# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1361

_____

Sherman D. Hampton,         *
          *
         Appellant,    *  Appeal from the United States
          *  District Court for the Western
   v.         *  District of Missouri.
          *
United States of America,    *      [UNPUBLISHED]
          *
         Appellee.     *

_____

Submitted: November 19, 1999

Filed: November 24, 1999

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

After a jury convicted Sherman D. Hampton of conspiracy to manufacture methamphetamine, attempt to manufacture methamphetamine, and manufacture of methamphetamine, Hampton was sentenced to 151 months in prison and assessed a special fee of $100 on each of the three counts charged. Codefendant Deborah L. Floyd pled guilty to conspiracy to manufacture methamphetamine and manufacture of methamphetamine. The district court placed Floyd on probation and assessed fees of $50 per count. After an unsuccessful direct appeal, Hampton moved to have his sentence vacated under 28 U.S.C. § 2255. The district court denied relief, but granted

a certificate of appealability on the issues of ineffective assistance of counsel at the sentencing hearing and improper application of the special assessment statute. We affirm.

Hampton claims he received ineffective assistance of counsel because his trial attorney asked the court to sentence Hampton to more than the minimum of his 121-151 month guideline sentence range. This argument is meritless. Although Hampton contends his trial attorney asked the court to "sentence Mr. Hampton to more than 121 months," the corrected sentencing hearing transcript shows the trial attorney actually asked for "no more than 121 months."

Hampton also claims the variance between the $100 per count fee assessed to Hampton and the $50 per count fee assessed to Floyd for the same offense, see 18 U.S.C. § 3013, violated his rights to due process and equal protection and the Antigratuity Act, 18 U.S.C. § 201(c)(2). We disagree. A substantive due process violation must be "'truly irrational,' that is, 'something more . . . than . . . arbitrary [and] capricious.'" Wellwood v. Johnson, 172 F.3d 1007, 1010 (8th Cir. 1999) (citations omitted). In this case, a statutory increase in the assessment fees took effect after the defendants were arrested, but before they were convicted and sentenced. As the district court noted, Hampton's fee was correctly assessed at the increased rate, but Floyd's was not. The district court's failure to incorporate the fee change "falls far short of the arbitrary, capricious and flagrant conduct" required to establish a substantive due process violation, thus, Hampton's due process claim fails. Central Airlines, Inc. v. United States, 138 F.3d 333, 335 (8th Cir. 1998). Similarly, unequal application of the statutory fees is not an equal protection violation because Hampton has not shown "intentional or purposeful discrimination" by the district court. Id. Finally, we reject Hampton's Antigratuity Act argument because the Act is not applicable in this case. Although the prosecution is permitted to offer leniency in exchange for truthful testimony without violating the Act, United States v. Johnson, 169 F.3d 1092,1098 (8th Cir.), cert. denied, 1999 WL 423385 (U.S. Oct. 4, 1999) (No. 98-9870), the

prosecution has no control over statutory assessments, which are made by the court and are mandatory for each count under which a defendant is convicted, see United States v. Dobbins, 807 F.2d 130, 132 (8th Cir. 1986). Hampton's due process, equal protection, and Antigratuity Act claims are meritless.

We do not consider other arguments advanced by Hampton in his pro se brief because they are beyond the scope of the certificate of appealability. See Harris v. Bowersox, 184 F.3d 744, 748 (8th Cir. 1999). We affirm the district court's denial of Hampton's § 2255 motion to vacate his sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.