# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2581

_____

| | | |
|---|---|---|
| Shannon E. Williams, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Jeff Davis; Wayne Tucker; Christie | * | |
| Vierregger; Patrick Thomas; Lee | * | [PUBLISHED] |
| Polikopf; John Davis, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: December 7, 1999
Filed: January 3, 2000

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Shannon Williams brought a 42 U.S.C. § 1983 action against several Sarpy County, Nebraska jail officials. His claims were based on the alleged conduct of Deputy Kristi Kotrous (formerly Viereger), and the alleged failure of her supervisors to respond appropriately to her mistreatment of Williams. The district court[1] granted summary judgment to all defendants, and this appeal followed.

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

After our de novo review, see Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997), we agree with the district court that Williams did not establish a constitutional violation. As to his equal protection claim, Williams did not show he received treatment less favorable than white inmates with respect to the grievance procedure. See Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir. 1994), cert. denied, 513 U.S. 1185 (1995). As to his excessive-force claim, Williams did not submit any evidence to indicate that Kotrous acted maliciously or sadistically or that the force used was excessive under the circumstances. See Putman v. Gerloff, 639 F.2d 415, 420 (8th Cir. 1981); see also Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973). Williams also failed to establish his retaliation claims: a conduct violation Kotrous gave him was upheld in the disciplinary appeal process (although the sanction was reduced), see Earnest v. Courtney, 64 F.3d 365, 367 (8th Cir. 1995) (per curiam) (retaliation claim is precluded if punishment was imposed based on actual violation of prison rules); and the nondefendant county attorney--not Kotrous--made the decision to bring a criminal assault charge against Williams. Further, Williams failed to show that Kotrous interfered with his procedural due process rights, or that she denied him substantive due process, see Central Airlines, Inc. v. United States, 138 F.3d 333, 335 (8th Cir. 1998) (substantive due process claim requires proof of "arbitrary, capricious and flagrant conduct").

Absent a constitutional violation, there was no basis for section 1983 liability on the part of the other defendants. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1977) (§ 1983 liability attaches to government officials acting in their official capacity only for constitutional deprivation resulting from execution of official policy or custom); Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997) (for defendants to be liable in their individual capacities for failing to supervise and train employee, plaintiff must establish that defendants' failure to remedy known pattern of unconstitutional acts proximately caused his injury); Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996) (individual liability under § 1983 may attach if defendants directly participated in constitutional violation or if failure to supervise and train offending

employee caused constitutional deprivation). We thus conclude that summary judgment was proper. Appellees' motion to strike the addendum to Williams's brief is denied as moot.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.