# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1814/2436

_____

Allen Henry McKinney,

       Petitioner/Appellant,

v.

United States of America,

       Respondent/Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*      [UNPUBLISHED]
\*

_____

Submitted: June 12, 2000
Filed: July 24, 2000

_____

Before LOKEN and BRIGHT, Circuit Judges, and HAND[1], District Judge.

_____

PER CURIAM.

Allen McKinney appeals the district court's order denying his § 2255 motion. The district court certified only the following issue for appeal: should McKinney be granted an evidentiary hearing in order to show that his counsel provided him with ineffective assistance during his trial. We now affirm.

_____

[1]The Honorable William Brevard Hand, United States District Judge for the Southern District of Alabama, sitting by designation.

## I.

At trial, a jury convicted McKinney of trafficking in the illegal drugs aminorex and phenethylamine. At the time McKinney was charged, these two drugs were "designer" drugs, not then listed in the controlled substance schedules administered by the Justice Department and the Department of Health and Human Services. The government argued at trial that aminorex and phenethylamine were "analogues" to 4-methylaminorex and methamphetamine, respectively, and thus, prohibited under the analogue statute, the Controlled Substance Analogue Enforcement Act ("CSAEA"). See 21 U.S.C. §§ 802(32), 813. The jury also convicted McKinney of using firearms during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). This court affirmed his conviction on all counts in United States v. McKinney, 79 F.3d 105 (8th Cir. 1996). McKinney appealed, and the Supreme Court remanded the case in light of Bailey v. United States, 516 U.S. 137 (1995) and Johnson v. United States, 520 U.S. 461 (1997). This court then vacated McKinney's § 924(c) conviction, see United States v. McKinney, 120 F.3d 132 (8th Cir. 1997), and, on remand, the district court resentenced him to 168 months in prison–a sentence that we then upheld on appeal in United States v. McKinney, 141 F.3d 1171 (8th Cir. 1998) (unpublished). McKinney then filed this § 2255 motion, arguing that his counsel was ineffective on a number of grounds, most of which are not now on appeal.

## II.

The sole question before us is whether McKinney is entitled to an evidentiary hearing in order to show that his trial counsel was ineffective for failing to challenge the government's claim that the designer drugs fell within the statutory definition of "analogue" under the CSAEA and for failing to challenge the district court's jury instructions pertaining to the determination of whether these drugs were analogues, under the CSAEA.

We review de novo the denial of McKinney's § 2255 motion. See United States v. Duke, 50 F.3d 571, 576 (8th Cir. 1995). An evidentiary hearing on a § 2255 motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. Kingsberry v. United States, 202 F.3d 1030, 1032 (8th Cir. 2000). To prevail on his ineffective assistance claim, McKinney needs to demonstrate that his counsel's "'representation fell below an objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel['s] unprofessional errors, the result of the proceeding would have been different.'" Whitmore v. Lockhart, 8 F.3d 614, 616-17 (8th Cir. 1993) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)).

Because McKinney suffered no prejudice from counsel's assistance, we hold that McKinney is not entitled to an evidentiary hearing on this matter. McKinney makes three contentions in his brief. All three of his contentions rely upon the premise that the drug charges for which he was convicted required that the government prove and that the jury find that the substances McKinney produced and sold were "analogues," as statutorily defined by the CSAEA, to either 4-methylaminorex or methamphetamine. To find an unlisted substance to be an analogue to a controlled substance, the unlisted substance must satisfy a two-pronged test: (1) it must possess a substantially similar chemical structure to the controlled substance, and (2) either has a substantially similar effect on the user's central nervous system or the defendant represented or intended that it would have a similar effect on the user's central nervous system. See 21 U.S.C. § 802(32).

McKinney first argues that, if his trial attorney had engaged in a more vigorous "battle of the experts" during trial about the analogue status of aminorex and phenethylamine and had cross-examined the government's chemical experts more rigorously before the jury, there was a reasonable probability that the outcome would have been different. A number of factors convince us that McKinney's suggestions would have had little or no impact on the outcome of the case. First, while this case

was proceeding, the government reclassified aminorex from an analogue to a controlled substance because of the structural similarity of aminorex to cis-4-methylaminorex[2] and their similarity of function within the human body. Second, McKinney's attorney at sentencing did call at least one expert, albeit not before the jury, who testified that aminorex <u>was</u> an analogue and only later qualified his statement to say that he was unsure whether or not aminorex was an analogue to 4-methylaminorex. With regard to phenethylamine, neither McKinney's conviction nor his sentence would have been different if the jury had found that phenethylamine was not an analogue. Only one of the ten counts for which the jury convicted him charged McKinney with trafficking in phenethylamine, and McKinney's sentence was based solely on the amounts of aminorex listed in the indictment because the sentencing guidelines did not contain a formula for converting phenethylamine quantities into equivalent quantities of marijuana.

We also disagree with McKinney's second argument in which he claims that his attorney was ineffective for failing to object to the district court's jury instructions. McKinney argues that the instructions improperly stated the requirements for finding a substance to be a controlled substance analogue, and that the judge wrongly explained to the jury the elements of the crime that the government had to prove beyond a reasonable doubt.[3] More specifically, McKinney argues that the court

---

[2]We assume, as did this court in a prior iteration of this case, that cis-4-methylaminorex is the same substance as 4-methylaminorex. <u>See</u> <u>United States v. McKinney</u>, 79 F.3d 105, 108 (8th Cir. 1996).

[3]The district judge stated the relevant jury instructions as follows:

You are further instructed that Title 21, United States Code, Section 802(32)(A) states as follows: The term 'controlled substance analogue' means a substance; one, the chemical structure of which is substantially similar to the chemical structure of a controlled substance in Schedule I or II; two, which has a stimulant, depressant, or hallucinogenic

confused the jury by stating the requirements for finding a substance to be an "analogue" in the disjunctive; this phrasing could have misled the jury into believing that it would have to find only one of the three requirements rather than two. Further, McKinney argues that by omitting from the instruction a statement to the jury requiring them to find that aminorex and phenethylamine were analogues, the jury might have been confused about whether or not this was a fact they had to find beyond a reasonable doubt. In light of the extensive evidence showing that aminorex was an analogue of 4-methylaminorex and a later segment of the jury instructions in which the trial judge stated, "[w]ith respect to alleged distributions prior to September 20, 1992, you must decide whether aminorex was a controlled substance analogue . . .[,]" we hold that McKinney was not prejudiced by any error in the jury instructions.

Finally, McKinney did not raise his third claim–that trial counsel was ineffective for failing to move to dismiss Count 5 of the indictment because the count improperly

> effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in Schedule I or II; or three, which the defendant represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in Schedule I or II.
>
> In order to sustain its burden of proof for the crime of distribution of a controlled substance as charged in Count I of the indictment, the Government must prove the following two essential elements beyond a reasonable doubt: One, the defendant, Allen McKinney, knowingly and intentionally distributed the aminorex as described in the indictment; and two, at the time of such distribution, the defendant knew that the substance distributed was aminorex.

T. Tr. Vol. VIII at 1244-45.

alleged an attempt to distribute controlled substances–before the district court, and therefore, it is not reviewable on appeal.  See Central Airlines, Inc. v. United States, 169 F.3d 1174, 1175 (8th Cir. 1999); see also Dorothy J. v. Little Rock Sch. Dist., 7 F.3d 729, 734 (8th Cir. 1993) ("we do not consider arguments raised for the first time on appeal").

## III.

Because McKinney cannot prevail on his ineffective assistance of counsel claim, we deny his motion for an evidentiary hearing on the matter.  Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.