# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1585

_____

James Stallings,                          *
                                          *
            Appellant,                    *
                                          *   Appeal from the United States
      v.                                  *   District Court for the
                                          *   Western District of Missouri.
Gary Kempker; Lois Spencer; Nancy         *        [UNPUBLISHED]
Schierding; Gary Campbell; Michael        *
Duffy; Mehdi Zarabi; Debbie Schartz;      *
Steven E. Moore; Lea Pemberton;           *
Deborah Sobotka,                          *
                                          *
            Appellees.                    *

_____

Submitted:  August 31, 2004
Filed:  September 15, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Missouri inmate James Stallings appeals from the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. In his lawsuit, Stallings sought damages and declaratory and injunctive relief from various prison officials, as well

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

as administrators and medical personnel from Correctional Medical Services (CMS), claiming that they violated the Eighth Amendment by denying him necessary care for his Hepatitis C.

We grant Stallings leave to proceed in forma pauperis on appeal, assess the balance of the filing fee, and leave the collection details to the district court. See Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam). As to the merits, we agree with the district court that the undisputed evidence showed that Stallings's claims against the CMS medical defendants constituted merely a disagreement with the course of treatment. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (standard of review; mere disagreement with treatment decisions does not amount to constitutional violation). Absent a constitutional violation, Stallings's related claims against the prison officials and the CMS administrators necessarily failed as well. See Williams v. Davis, 200 F.3d 538, 538-39 (8th Cir. 2000) (per curiam). Further, we find no abuse of discretion in the Federal Rule of Civil Procedure 41(b) dismissal of Dr. Mehdi Zarabi, see Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986); in the denial of Stallings's motions to compel, see Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam), cert. denied, 510 U.S. 875 (1993); or in the denial of his requests for appointment of counsel, see Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991), cert. denied, 504 U.S. 930 (1992.)

Accordingly, the judgment is affirmed. See 8th Cir. R. 47B. We note, however, that the district court judgment mistakenly reflects that the case was dismissed for failure to state a claim and that the dismissal constitutes a "strike" under 28 U.S.C. § 1915(g). Because the district court resolved the case through summary judgment, the dismissal does not constitute a "strike," and we modify the judgment accordingly.

_____