# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1763

_____

|  |  |  |
|---|---|---|
| Harrison Jolly, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| ARA Health Services, Incorporated; | * | Eastern District of Missouri. |
| Correctional Medical Systems; Dr. | * | |
| Gary H. Campbell; Dr. Unknown | * | [UNPUBLISHED] |
| Hallazgo; Gary Kempker, Director; | * | |
| Larry C. Rowley, Superintendent; | * | |
| George A. Lombardi, Director of | * | |
| Adult Inst., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 5, 2004
Filed: November 16, 2004

_____

Before BYE, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Harrison Jolly appeals the district court's[1] grant of summary judgment to certain defendants, and its grant of dismissal to the remaining defendants,

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

in Jolly's 42 U.S.C. § 1983 action. Jolly sued Correctional Medical Services (CMS),[2] two CMS physicians, and various prison officials, claiming deliberate indifference to his serious medical needs.

Based on our careful review of the record, we find that summary judgment was properly granted to the physician defendants for the reasons stated by the district court. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (standard of review; inmate must show more than even gross negligence, and mere disagreement with treatment decisions does not rise to level of constitutional violation); Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996) (prison officials do not violate Eighth Amendment when, in exercising professional judgment, they refuse to implement inmate's requested course of treatment).

Because there was no evidence of a CMS policy or custom relevant to Jolly's claims, summary judgment was also proper as to CMS, see Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993) (corporate liability under § 1983); and the remaining prison-official defendants were properly dismissed because Jolly failed to establish a genuine issue of material fact as to whether CMS or the physician defendants violated his Eighth Amendment rights, see Williams v. Davis, 200 F.3d 538, 539 (8th Cir. 2000) (per curiam) (absent constitutional violation, there is no basis for supervisory liability under § 1983). Finally, we find no abuse of discretion in the district court's denial of Jolly's request for appointed counsel. See Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (standard of review; listing factors).

The judgment is affirmed. See 8th Cir. R. 47B.

_____

[2]Jolly originally named ARA Health Systems, Inc., and Correctional Medical Systems, Inc., the former names for CMS.