# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1624
_____

Olando Juwan Thomas

*Plaintiff - Appellant*

v.

James Banks, Warden, Varner Unit, ADC; Joe Page, III, Treatment Warden,
Varner Unit, ADC; Gary Ralls, Chaplain, Varner Unit, ADC; H. Powers, Chaplain,
Varner Unit, ADC; D. Davis, Lt., Varner Unit, ADC

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: November 17, 2014
Filed: November 25, 2014
[Unpublished]

_____

Before WOLLMAN, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Olando Juwan Thomas appeals the district court's[1] adverse grant of summary judgment on his 42 U.S.C. § 1983 complaint. After de novo review, see Beaulieu v. Ludeman, 690 F.3d 1017, 1024 (8th Cir. 2012), we reject Thomas's arguments for reversal as follows.

We agree with the district court that Thomas did not create a genuine issue of material fact as to whether Lt. D. Davis was deliberately indifferent, as Thomas's medical authorization did not restrict him from work or from wearing sandals at work, and he did not submit evidence of the work environment or risks of injury from working in such shoes. See Fed. R. Civ. P. 56(a); Farmer v. Brennan, 511 U.S. 825, 834, 837-38, 847 (1994) (official violates Eighth Amendment if he knows of and disregards substantial risk of serious harm to inmate health or safety); Nelson v. Corr. Med. Servs., 583 F.3d 522, 528-29 (8th Cir. 2009) (en banc) (outlining two-prong deliberate-indifference test); Choate v. Lockhart, 7 F.3d 1370, 1374 (8th Cir. 1993) (officials are deliberately indifferent when they knowingly compel prisoners to perform physical labor that is beyond their strength, dangerous to health, or unduly painful; mere negligence or inadvertence, however, does not satisfy deliberate-indifference test). Thomas also failed to establish supervisory liability against Warden James Banks, see Williams v. Davis, 200 F.3d 538, 538-39 (8th Cir. 2000) (per curiam) (absent constitutional violation, there is no basis for § 1983 liability against supervisors); and his allegation that Banks improperly investigated his grievance failed to state a claim, see Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983). The magistrate judge properly entered final judgment under 28 U.S.C. § 636(c) without first offering Thomas an opportunity to object, see Roell v. Withrow, 538 U.S. 580, 585 (2003) (referral under § 636(c) gives magistrate judge full authority over dispositive motions, conduct of trial, and entry of final

---

[1]The Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

judgment, without district court review); and properly entered final judgment without sua sponte allowing Thomas to amend his complaint.

The judgment is affirmed.

_____