# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-3673

_____

| | | |
|---|---|---|
| John E. Lawrence, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Larry Norris, Director of the Arkansas | * | |
| Department of Correction, individually | * | |
| and in his official capacity; David | * | |
| Guntharp, Deputy Director of the | * | |
| Arkansas Department of Correction, | * | |
| individually and in his official capacity; | * | |
| John Belkins, Assistant Warden of the | * | |
| North Central Unit, individually and | * | Appeal from the United States |
| in his official capacity; Robert Perry, | * | District Court for the |
| Major, individually and in his official | * | Eastern District of Arkansas |
| capacity; B. Sparks, Officer, individually | * | |
| and in his official capacity, | * | |
| | * | |
| Defendants-Appellants. | * | |
| | * | |
| Doe, One, individually and in his | * | |
| official capacity, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: March 11, 2002

Filed: October 16, 2002

_____

_____

Before McMILLIAN, HEANEY and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Arkansas inmate John Lawrence (hereinafter "plaintiff") brought this prisoner civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Arkansas. Larry Norris, the Director of the Arkansas Department of Corrections ("ADC") and other ADC officials and staff (hereinafter collectively "defendants") now appeal from an order of the district court[1] partially denying their motion for summary judgment. Lawrence v. Norris, No. 1:01CV00087 (E.D. Ark. Oct. 25, 2001) (hereinafter "District Court Order") (adopting in full the proposed findings and recommendations of the magistrate judge,[2] id. (Oct. 4, 2001) (recommending denial of defendants' motion for summary judgment on plaintiff's Eighth Amendment deliberate indifference claim) (hereinafter "Magistrate Judge's Report")). For reversal, defendants argue that the district court erred in failing to hold that they are entitled to judgment as a matter of law on their qualified immunity defense because plaintiff may not, as a matter of law, recover money damages for injuries resulting from a "surprise attack" by another inmate.

Jurisdiction was proper in the district court based upon 28 U.S.C. §§ 1331, 1343. The notice of appeal was timely filed pursuant to Fed R. App. P. 4(a). For reasons more fully stated in our opinion in Krein v. Norris, No. 01-3087 (8th Cir. Oct. 16, 2002) , we hold that we have only limited jurisdiction over the present appeal

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

[2]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

based upon 28 U.S.C. § 1291 and the collateral order doctrine. To the limited extent we have jurisdiction, we affirm the order of the district court.

According to the allegations in plaintiff's complaint, on July 15, 1998, while plaintiff was housed in Barracks #1 of the ADC's North Central Unit ("NCU"), he was attacked by another inmate and sustained a broken cheekbone as a result. At the time of the attack, the only guard on duty in the barracks area was controlling traffic in the hallway and guarding other inmates in other barracks. Plaintiff alleges that the injury he sustained was proximately caused by defendants' failure to provide adequate security in the NCU.

Defendants moved to dismiss the complaint on several grounds, including qualified immunity. The matter was initially submitted to the magistrate judge. On October 4, 2001, the magistrate judge recommended, among other things, that defendants' motion to dismiss plaintiff's Eighth Amendment deliberate indifference claim for money damages be denied in light of the similarities between the case at bar and a case upon which the chief judge in the district had recently ruled. See Krein v. Norris, No. 1:98CV00124 (E.D. Ark. Aug. 24, 2001). The district court in the present case agreed with the magistrate judge, and adopted the magistrate judge's findings and recommendations in their entirety. Defendants filed the present interlocutory appeal.

The issues on interlocutory appeal in the present case are virtually identical to the issues discussed and decided in Krein v. Norris, No. 01-3087 (8th Cir. Oct. 16, 2002). Consistent with our reasoning and disposition in that case, we now affirm the district court's holding that plaintiff has alleged the deprivation of a clearly established constitutional right. However, we dismiss this appeal for lack of interlocutory appellate jurisdiction to the extent defendants are challenging the sufficiency of the evidence to support the conclusion that genuine issues of material fact remain. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.