# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-3087

_____

| | | |
|---|---|---|
| Ben Krein, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Larry Norris, Director of the Arkansas | * | |
| Department of Correction, individually | * | |
| and in his official capacity; David | * | |
| Guntharp, Deputy Director of the | * | |
| Arkansas Department of Correction, | * | |
| individually and in his official capacity; | * | |
| John Belken, Assistant Warden of the | * | |
| North Central Unit, individually and | * | |
| in his official capacity (originally sued | * | |
| as John Belkins); Robert Perry, Major, | * | |
| individually and in his official capacity; | * | Appeal from the United States |
| Bill Killian, Col., individually and in | * | District Court for the |
| his official capacity; David Beatty, | * | Eastern District of Arkansas |
| Lieutenant, individually and in his | * | |
| official capacity; Jackie Goggins, | * | |
| Sergeant, individually and in his | * | |
| official capacity; Larry May, Warden | * | |
| of the North Central Unit, Arkansas | * | |
| Department of Correction, individually | * | |
| and in his official capacity, | * | |
| | * | |
| Defendants-Appellants. | * | |
| | * | |
| Susan Jill Miller, Nurse Practioner, | * | |
| Correctional Medical Services, Inc., | * | |

Individually and in her official      *
capacity (originally sued as S. Jill    *
Miller); Gerrold Wood, Nurse,      *
Correctional Medical Services,      *
Inc., individually and in his       *
official capacity (originally sued    *
as Glen Woods),               *
                                *
     Defendants.              *

_____

Submitted: March 11, 2002

Filed: October 16, 2002
_____

Before McMILLIAN, HEANEY, and MORRIS SHEPPARD ARNOLD,
     Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Arkansas inmate Ben Krein (hereinafter "plaintiff") brought this prisoner civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Arkansas. Larry Norris, the Director of the Arkansas Department of Corrections ("ADC") and other ADC officials and staff (hereinafter collectively "defendants") now appeal from an order of the district court[1] denying their motion for summary judgment on plaintiff's claim alleging that, by failing to provide adequate security, defendants were "deliberately indifferent" to a known risk of harm to inmates, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Krein v. Norris, No. 1:98CV00124 (E.D. Ark. Aug. 24, 2001)

---

[1]The Honorable Susan Webber Wright, Chief United States District Judge for the Eastern District of Arkansas.

(hereinafter "District Court Order").  For reversal, defendants argue that the district court erred in failing to hold that they are entitled to judgment as a matter of law on their qualified immunity defense because plaintiff may not, as a matter of law, recover money damages for injuries resulting from a "surprise attack" by another inmate.

This is the second time this matter has come before us on interlocutory appeal. The first time, we dismissed the appeal for lack of jurisdiction.  See Krein v. Norris, 250 F.3d 1184, 1186 (8th Cir. 2001).

Jurisdiction was proper in the district court based upon 28 U.S.C. §§ 1331, 1343.  The notice of appeal was timely filed pursuant to Fed R. App. P. 4(a). As more fully explained below, we now have limited jurisdiction over the present appeal based upon 28 U.S.C. § 1291 and the collateral order doctrine.  To the limited extent we have jurisdiction, we affirm the order of the district court.

## Background

On January 6, 1998, while plaintiff was sleeping in Barracks #1 of ADC's North Central Unit ("NCU"), plaintiff was attacked by another inmate, Michael Pruett, who was also housed in Barracks #1 at that time.  As a result of the attack, plaintiff sustained a broken jaw.  He filed the present action in federal district court, asserting several claims, including an Eighth Amendment deliberate indifference claim.  He requested damages, among other forms of relief.  Defendants moved for summary judgment on the basis of qualified immunity and other grounds.  Upon the recommendation of a magistrate judge, the district court granted partial summary judgment for defendants and dismissed all but plaintiff's Eighth Amendment deliberate indifference claim. Defendants then filed an interlocutory appeal, arguing that the deliberate indifference claim should also have been dismissed based upon qualified immunity.  Upon review, we dismissed that appeal for lack of appellate jurisdiction because "there ha[d] been no decision, conclusive or otherwise, rendered

below on the disputed question of qualified immunity." <u>Krein v. Norris</u>, 250 F.3d at 1188.

On remand, defendants renewed their qualified immunity argument in the district court, and the matter was again submitted to the magistrate judge for initial consideration. This time, the magistrate judge recommended dismissal of the deliberate indifference claim, reasoning that plaintiff had essentially alleged that he was the victim of a "surprise attack," and thus defendants were entitled to qualified immunity as a matter of law. <u>See</u> <u>Krein v. Norris</u>, No. 1:98CV00124, slip op. at 5-6 (E. D. Ark. Aug. 3, 2001) (Proposed Findings and Recommendation) (citing cases).

Upon review, the district court did not fully adopt the magistrate judge's recommendation. The district court agreed with the magistrate judge that plaintiff's deliberate indifference claim would fail as a matter of law "if a surprise attack by [Pruett] were plaintiff's theory of recovery." <u>See</u> District Court Order at 1. However, the district court noted, plaintiff's deliberate indifference claim was primarily based upon allegations of *inadequate security*, not the attack itself. The district court continued: "Prison officials may be found liable under the Eighth Amendment if they know of and disregard an excessive risk to inmate health and safety." <u>Id.</u> at 1-2 (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994)).

Upon examination of the record before it (including affidavits of other inmates, the affidavit of a security officer who worked in the NCU at the time plaintiff was attacked, and the affidavit of a prison security expert), the district court determined that there was evidence in the record to support the following assertions: defendants' failure to abide by staffing requirements created an environment which posed a risk of harm to all inmates housed in the barracks area; the NCU had one guard for three barracks housing 150 inmates; defendants were or should have been aware of an inadequate staffing problem as early as August 1997 and yet they had made no staffing changes as of January 1998, when the attack occurred; the level of violence

-4-

in Barracks #1 was five times that of any other NCU barracks and yet staffing adjustments were not made to address the disparity; the number of isolation cells was inadequate; and ADC failed to keep track of the number and locations of assaults occurring within the NCU. Id. at 2.

The district court thus concluded: "plaintiff has asserted the violation of a constitutional right; the right is clearly established; and the record, viewed in the light most favorable to plaintiff, shows genuine issues of material fact as to whether a reasonable official would have known that his course of conduct violated that right." Id. Accordingly, the district court denied defendants' motion for summary judgment based on qualified immunity, and this second interlocutory appeal followed.

**Discussion**

As a threshold matter, we must again begin by considering whether or not we have interlocutory appellate jurisdiction. As a general rule, non-final orders, such as denials of motions for summary judgment, may not be raised on interlocutory appeal. However, under the collateral order doctrine, a small class of orders (which includes some orders denying summary judgment based on qualified immunity) is exempt from that general rule. See Krein v. Norris, 250 F.3d at 1187. As indicated above, the first time this case came before us on interlocutory appeal, defendants asserted jurisdiction based upon their qualified immunity defense, but we dismissed that appeal because the district court had not specifically and conclusively ruled on the issue of qualified immunity. See id.

This time, the district court has specifically ruled on the qualified immunity issue. However, that still does not end our jurisdictional inquiry. For our present purposes, we must now determine whether or not we have interlocutory appellate jurisdiction in light of the Supreme Court's mandates in Johnson v. Jones, 515 U.S. 304 (1995). In so doing, we separately consider the two distinct holdings of the

-5-

district court: (1) that "plaintiff has asserted the violation of a constitutional right [and] the right is clearly established" and (2) that "the record, viewed in the light most favorable to plaintiff, shows genuine issues of material fact as to whether a reasonable official would have known that his course of conduct violated that right." District Court Order at 2.

*Interlocutory appellate jurisdiction: clearly established constitutional right*

We first consider whether or not we have interlocutory appellate jurisdiction to review the district court's holding that "plaintiff has asserted the violation of a constitutional right [and] the right is clearly established." Id. In Johnson v. Jones, the Supreme Court discussed in great detail the scope of interlocutory appellate jurisdiction in qualified immunity cases. Quoting Mitchell v. Forsyth, 472 U.S. 511, 528 n.9 (1985), the Supreme Court explained that a district court's order addressing qualified immunity at the summary judgment stage may be reviewed on interlocutory appeal where the issue is "'a purely legal one: whether the facts alleged (by the plaintiff, or, in some cases, the defendant) support a claim of violation of clearly established law.'" Johnson v. Jones, 515 U.S. at 313. More specifically, a court of appeals may consider on interlocutory appeal "whether the plaintiff has alleged the deprivation of an actual constitutional right at all" and "whether that right was clearly established at the time of the alleged violation." Wilson v. Layne, 526 U.S. 603, 609 (1999). We now consider those questions of law *de novo.*

*Deliberate indifference claim*

Defendants argue that the district court erred in determining that plaintiff has asserted a violation of a clearly established constitutional right. Because it is undisputed in the present case that neither plaintiff nor defendants actually knew that Pruett would attack plaintiff, defendants characterize plaintiff's Eighth Amendment deliberate indifference claim as one based upon a "surprise attack." Therefore,

defendants argue, plaintiff's deliberate indifference claim is barred as a matter of law under this court's precedents. See Brief for Appellants at 11 (citing <u>Prosser v. Ross</u>, 70 F.3d 1005, 1007 (8th Cir. 1995)). See also <u>Tucker v. Evans</u>, 276 F.3d 999, 1001 (8th Cir. 2002) ("We have held in several cases that qualified immunity for prison officials is appropriate when an Eighth Amendment failure-to-protect claim arises from inmate injuries resulting from a surprise attack by another inmate.") (citing cases).

In <u>Prosser v. Ross</u>, 70 F.3d at 1007-08, this court noted that the plaintiff's allegations in that case – other than those which were pure conjecture – amounted to nothing more than a claim that the defendant, a prison guard, had simply failed to prevent or to intervene in an unforeseeable inmate attack. By contrast, plaintiff in the present case has specifically alleged that, "by failing to provide adequate security in an open barracks," defendants were deliberately indifferent to a risk of harm to plaintiff. See Appellant's Appendix at 26 (Second Amended Complaint, ¶ 26). Moreover, plaintiff's evidence at the summary judgment stage supported the allegations that, at the time he was attacked by Pruett, defendants objectively and subjectively knew of, and deliberately disregarded, an excessive risk of harm to inmate health and safety in Barracks #1. Thus, as the district court recognized, plaintiff's claim does not "arise from" Pruett's attack *per se*, but arises from plaintiff's substantiated allegation that defendants were deliberately indifferent to a known substantial risk that such an attack would occur. The district court therefore did not err in declining to grant summary judgment under our "surprise attack" line of cases. Cf. <u>Tucker v. Evans</u>, 276 F.3d at 1003 (reversing denial of summary judgment based on qualified immunity where the plaintiff's claim was based upon a surprise attack and "there [was] no evidence in the record demonstrating that [the prison officials] knew of and deliberately disregarded an excessive risk to inmate health or safety").

In Farmer v. Brennan, 511 U.S. at 828, the Supreme Court held that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." The Supreme Court further explained that such deliberate indifference exists if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. The Supreme Court also made clear in Farmer v. Brennan, id. at 843, that, in order to have a viable deliberate indifference claim, a plaintiff is *not* required to allege and prove that the defendant or defendants specifically knew about or anticipated the precise source of the harm (in this case, Michael Pruett). The Court explained: "Nor may a prison official escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." Id.[2]

This is not to say that defendants' lack of knowledge of Pruett's particular dangerousness is entirely irrelevant to the present case. On the contrary, the fact that defendants were unaware of the precise danger is relevant to defendants' subjective knowledge of the overall risk, which is an element of plaintiff's Eighth Amendment claim. All we are saying at this point is: assuming the truth of plaintiff's

---

[2]The Supreme Court gave the following example:

> If, for example, prison officials were aware that inmate rape was so common and uncontrolled that some potential victims dared not sleep but instead would leave their beds and spend the night clinging to the bars nearest the guards' station, it would obviously be irrelevant to liability that the officials could not guess beforehand precisely who would attack whom.

Farmer v. Brennan, 511 U.S. 825, 843 (1994) (internal quotation marks, brackets, ellipsis, and citation omitted).

substantiated allegations, he has sufficiently *alleged* a deliberate indifference claim, and defendants' lack of knowledge that the particular attack would occur does not extinguish the legal existence of his claim.

We also reject defendants' additional argument that plaintiff's deliberate indifference claim cannot be sustained because the only remedy still available to him is monetary damages.[3]  A violation of the Eighth Amendment right recognized in Farmer v. Brennan may be the basis for an award of money damages as well as injunctive relief.  See, e.g., Newman v. Holmes, 122 F.3d 650 (8ᵗʰ Cir. 1997) (affirming judgment awarding monetary damages to two inmates who were attacked by another inmate, on their claim that the defendant, a corrections officer, was deliberately indifferent to an excessive risk of harm to them, in violation of their Eighth Amendment rights).  This court explained:

> In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court confirmed that a prison official violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates. . . . [D]eliberate indifference in this context means actual intent that the inmate be harmed, or knowledge that harm will result, *or reckless disregard of a known excessive risk to inmate health and safety*.

Id. at 652 (emphasis added).

In sum, upon *de novo* review, we affirm the district court's holding that plaintiff has alleged the deprivation of a clearly established constitutional right.

---

[3]The district court dismissed plaintiff's claims for injunctive, declaratory, and other equitable relief because he had been released from custody.  Krein v. Norris, 1:98CV00124 (E.D. Ark. June 29, 2001).

*Interlocutory appellate jurisdiction: genuine issues of material fact*

Finally, we consider whether or not we have interlocutory appellate jurisdiction to review the district court's holding that "the record, viewed in the light most favorable to plaintiff, shows genuine issues of material fact as to whether a reasonable official would have known that his course of conduct violated that right." District Court Order at 2. This holding reflects the district court's conclusion that the record before it contained *sufficient evidence* to create a genuine issue – or, in other words, a triable issue – of material fact regarding defendants' qualified immunity defense.

As we noted in our first panel opinion, while the Supreme Court has repeatedly emphasized the importance of deciding qualified immunity issues at the earliest possible stage of litigation, not all qualified immunity issues may be decided on summary judgment. Krein v. Norris, 250 F.3d at 1188. Indeed, summary judgment is not appropriate when there is a genuine issue of material fact surrounding the question of the plaintiff's or a defendant's relevant *conduct* – because, under those circumstances, the court cannot determine as a matter of law what predicate facts exist in order to decide whether or not the defendant's conduct violated clearly established law. Id. (quoting Arnott v. Mataya, 995 F.2d 121, 124 (8th Cir. 1993)). Regarding the jurisdictional implications of this type of an "evidence sufficiency" holding on interlocutory appeal, we are again guided by the Supreme Court's opinion in Johnson v. Jones, 515 U.S. at 313 ("We now consider the appealability of a portion of a district court's summary judgment order that, though entered in a 'qualified immunity' case, determines only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial."). Faced with this difficult jurisdictional question, the Supreme Court concluded: "This kind of order . . . is not appealable." Id. The Court explained:

> We recognize that, whether a district court's denial of summary
> judgment amounts to (a) a determination about pre-existing "clearly

established" law, or (b) a determination about "genuine" issues of fact for trial, it still forces public officials to trial. And, to that extent, it threatens to undercut the very policy (protecting public officials from lawsuits) that (the Mitchell Court held) militates in favor of immediate appeals. Nonetheless, the countervailing considerations that we have mentioned (precedent, fidelity to statute, and underlying policies) are too strong to permit the extension of Mitchell to encompass appeals from orders of the sort before us [i.e., orders holding that there is a genuine issue of material fact for trial].

See id. at 314-18.

Accordingly, in the present case, to the extent defendants appeal the district court's holding that there remain genuine issues of material fact, and to the extent that they challenge the sufficiency of plaintiff's evidence to support that conclusion,[4] we hold that we lack interlocutory appellate jurisdiction. Accord Moore v. Duffy, 255 F.3d 543, 545 (8th Cir. 2001) (dismissing interlocutory appeal for lack of jurisdiction where the defendant in a § 1983 prisoner civil rights action appealed "only the district court's determination that 'the pretrial record sets forth a "genuine" issue of fact for trial'") (citing Johnson v. Jones, 515 U.S. at 320).

## Conclusion

For the reasons stated, the order of the district court is affirmed in part, and the appeal is dismissed in part. The matter is remanded to the district court for further proceedings consistent with this opinion.

---

[4]For example, defendants argue that "[t]his case is not a situation in which assaults were so long-standing, pervasive, and well-documented that the Defendants must have known that inmate Krein was in danger from inmate Pruett." Brief for Appellants at 15-16.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.