# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2053

_____

| | | |
|---|---|---|
| Frederick Burnley, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Marvin Evans, Jr., Warden, | * | [UNPUBLISHED] |
| Tucker Unit, ADC, et al., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  September 28, 2007
Filed:  October 4, 2007

_____

Before LOKEN, Chief Judge, WOLLMAN and RILEY, Circuit Judges.

_____

PER CURIAM.

Frederick Burnley, an inmate in the Maximum Security Unit of the Arkansas Department of Correction (ADC), appeals the district court's[1] order dismissing his 42 U.S.C. § 1983 suit against ADC officials.  Burnley alleged that the appellees, Marvin Evans (warden at ADC), Richard Wimberly (Chief of Security for the Maximum Security Unit of ADC), and Jackie Davis (Lieutenant in the Maximum

_____

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, who presided over the case pursuant to consent of the parties under 28 U.S.C. § 636(c).

Security Unit of the ADC), violated the Eighth Amendment's prohibition against cruel and unusual punishment by failing to protect Burnley from an attack by another inmate. Following a one-day bench trial, the district court concluded that the defendants had not been deliberately indifferent to a substantial risk of serious harm to Burnley and dismissed the action. We affirm.

It is ADC's policy to have a guard stationed outside the gym to provide continuous supervision of the inmates during gym call, an event occurring twice a week in which inmates have the opportunity to exercise indoors. On March 1, 2003, no guard was available to provide continuous gym-call supervision. Nevertheless, Davis chose to conduct gym call in order to allow the inmates the opportunity to exercise. Davis and another prison official took turns supervising gym call while also attending to other duties. At some point during gym call, a dispute arose in a basketball game, and Burnley was attacked twice by inmate John Ponder. During the first encounter, Burnley suffered minor injuries. During the second encounter, Burnley was rendered unconscious and sustained a broken nose, fractured eye socket, and lacerations. Burnley testified that these injuries have resulted in sinus problems and migraine headaches. There was testimony that it took more than five minutes for security to arrive after the other inmates called for help. Burnley did not have a prior history of conflict with Ponder, and he did not request permission to leave the gym at any point during gym call that day.

The district court absolved Evans and Wimberly of liability, finding that they were not present at the time of the incident, had no prior knowledge of a potential conflict between Burnley and Ponder, and did not take any action that led to Burnley's injuries. Although the district court found that Davis violated prison procedures on the day of the incident and therefore may have been negligent, it determined that Burnley had not proved by a preponderance of the evidence that Davis acted with deliberate indifference to Burnley's health or safety. We review the district court's findings of fact for clear error and the district court's legal conclusions *de novo*. Lenz

v. Wade, 490 F.3d 991, 994 (8th Cir. 2007), *petition for cert. filed*, __ U.S.L.W. __ (U.S. Aug. 24, 2007) (No. 07-6188).

To establish that the appellees violated the Eighth Amendment by failing to protect him, Burnley was required to prove that the lack of supervision during gym call posed a substantial risk of serious harm to the inmates and that the appellees were deliberately indifferent to that risk. Lenz, 490 F.3d at 995 (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Assuming, *arguendo*, that there was a substantial risk of serious harm to the inmates, we conclude that the district court did not err in finding that the appellees were not deliberately indifferent to that risk.

A prison official is deliberately indifferent to a substantial risk of serious harm to an inmate if the official has "actual intent that the inmate be harmed, or knowledge that harm will result, or reckless disregard of a known excessive risk to inmate health and safety." Krein v. Norris, 309 F.3d 487, 492 (8th Cir. 2002) (emphasis omitted). Because Burnley does not allege that the appellees had actual intent to cause him harm or that they had knowledge that he would be harmed without continuous supervision during gym call, he was required to establish that the appellees recklessly disregarded a substantial risk of serious harm.

Although an obvious risk of harm may justify an inference that a prison official subjectively disregarded that risk, a single incident causing injury to an inmate generally is not sufficient to establish an Eighth Amendment violation. Lenz, 490 F.3d at 995-96. Prior to the March 1, 2003, incident, there were no encounters or conflicts between Burnley and Ponder. Additionally, Burnley did not request to leave the gym either before the initial encounter or between that encounter and the second. See Berry v. Sherman, 365 F.3d 631, 634 (8th Cir. 2004) (concluding that there was no substantial risk of serious harm because there was no evidence that plaintiff feared for his safety prior to the incident leading to the injury, and the plaintiff declined protective custody). Accordingly, there is no evidence that Burnley believed he faced

a substantial risk of serious harm by attending gym call or by remaining in the gym after the first encounter, and there is no evidence that the harm to Burnley arose out of anything more than a single, isolated incident. Thus, the risk that Burnley would be injured during gym call was not obvious, and we cannot infer that the appellees subjectively disregarded that risk.

Although leaving a group of maximum security inmates unsupervised may itself pose a risk of harm to the inmates, the risk that violence will occur in a maximum security prison can never be completely eliminated. See Andrews v. Siegel, 929 F.2d 1326, 1330-31 (8th Cir. 1991) ("some violence in prisons may be unavoidable due to the character of the prisoners") (internal quotations and citations omitted). Recognizing that this risk exists, "we give prison officials 'wide-ranging deference . . . to preserve internal order and discipline and to maintain institutional security.'" Jackson v. Everett, 140 F.3d 1149, 1152-53 (8th Cir. 1998) (quoting Falls v. Nesbitt, 966 F.2d 375, 379 (8th Cir. 1992)). Here, the record reveals that Evans and Wimberly were not involved in the decision to conduct gym call on March 1, 2003, and that Davis used his best judgment to ensure that the inmates received the opportunity to exercise while also balancing the security needs of the prison. Even if Davis was negligent in failing to follow prison procedures and in conducting gym call without continuous supervision of the inmates, mere negligence does not constitute deliberate indifference. See Lenz, 490 F.3d at 995.

The judgment is affirmed.

_____