United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-1588

| | | |
|---|---|---|
| Harrison Jolly, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| R. Badgett; Tony Gammon; Jim Moore; | * | Eastern District of Missouri. |
| M. K. Rodriguez; Roy Osborne; | * | |
| Richard D. Davis; Huel Jenkins, | * | [PUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: April 23, 1998
Filed: May 19, 1998

_____

Before BOWMAN, Chief Judge, WOLLMAN and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

PER CURIAM.

Harrison Jolly, who is serving a prison term in a Missouri penitentiary, appeals the denial of his motion for appointed counsel and the adverse grant of summary judgment in his 24 U.S.C. § 1983 action. He claims that defendants were deliberately indifferent to his serious medical needs by preventing him from leaving his cell to get water and take his prescribed anti-seizure medication at 4:00 a.m., the prescribed time. Rather, his guards refused to let him out of his cell to get water and take his medication before 6:00 a.m. We believe Jolly's evidence is sufficient to make a submissible case

on the issue of whether he had a serious medical need to take his medication at the prescribed time. We see no evidence, however, that any of the defendants knew that a mere two-hour delay in Jolly's taking his medicine would have any adverse effect. Because Jolly has failed to make a submissible case on the issue of deliberate indifference, and because we cannot say the district court abused its discretion in denying Jolly's motion for appointment of counsel, the judgment of the district court is affirmed. See 8th Cir. R. 47B.

MORRIS SHEPPARD ARNOLD, Circuit Judge, concurring and dissenting.

I would reverse the district court's judgment as to corrections officers Richard Davis, Roy Osburn, and Huel Jenkins, who interfered with Jolly's prescribed treatment on two occasions.

It is uncontroverted that Jolly had a serious medical need, as he was diagnosed with epilepsy and hypertension and was on medication to prevent the life-threatening consequences of these diseases. See Aswegan v. Henry, 49 F.3d 461, 464 (8th Cir. 1995) (serious medical need "must be either obvious to the layperson or supported by medical evidence, like a physician's diagnosis"). Although Jolly may not have had a serious medical need to take his medication at "precisely 4:00 a.m.," he presented evidence that he had a serious medical need to follow his prescribed dosage schedule: four doctors, at various times, directed Jolly to take his medication at 4:00 a.m.; medical reference materials state Dilantin should be taken regularly; Jolly suffered a seizure, dangerously high blood pressure, and other adverse effects immediately after defendants interfered with his prescribed medication schedule; and Dr. Freeman believed Jolly had suffered adverse health consequences when Jolly's dosage schedule was altered. This evidence was sufficient to create a triable issue as to whether these defendants' interference with Jolly's prescribed dosage schedule interfered with a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (deliberate indifference to serious medical need "manifested . . . by prison guards . . . intentionally

interfering with the treatment once prescribed"); <u>Johnson v. Hay</u>, 931 F.2d 456, 458, 461-62 (8th Cir. 1991) (affirming denial of qualified immunity for prison pharmacist who refused to fill Dilantin and Phenobarbital prescriptions for inmate with alleged seizure disorder).

Further, even if Jolly's evidence were insufficient to create a genuine issue as to Jolly's serious medical need, I would reverse because I believe the district court abused its discretion in failing to delay ruling on the motion, to enable Jolly to obtain the affidavits of Dr. Waggener and Dr. Freeman, which Jolly attested would corroborate his claim that he needed to follow a regular medication regimen. <u>See</u> Fed. R. Civ. P. 56(f) (when affidavits of party opposing summary judgment reflect that party cannot "present by affidavit facts essential to justify the party's opposition," court may refuse summary judgment application, order continuance, or make other order).

In addition, given the district court's refusal to appoint substitute counsel and its reconsideration of defendants' motion for summary judgment after this court remanded with instructions "for appointment of counsel and trial on the merits," I would direct the district court to appoint substitute counsel and allow the case against these three defendants to proceed to trial.

I therefore respectfully dissent from this portion of the court's judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-