# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1928

_____

| | | |
|---|---|---|
| Harrison Jolly, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| John Knudsen, Correctional Medical | * | |
| Systems, ARA Services, Inc., and | * | |
| Jerry Jorgensen, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  January 12, 2000

Filed:  March 9, 2000

_____

Before WOLLMAN, Chief Judge, and MORRIS SHEPPARD ARNOLD and
MURPHY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Harrison Jolly, an inmate in a Missouri prison, brought an action under 42 U.S.C.
§ 1983 against various physicians, medical care providers, and prison employees,
alleging that the medical care that he received while in prison constituted cruel and

unusual punishment in violation of the eighth amendment. The district court[1] awarded summary judgment in favor of all defendants. Mr. Jolly appeals from the district court's award of summary judgment with respect to some of those defendants, and we affirm.

## I.

Mr. Jolly maintained in the district court that he had an episode in 1973 that a private physician diagnosed as an epileptic seizure. At that time, the attending doctor prescribed medication to control Mr. Jolly's seizures, and he has apparently continued to take medication since then.

Mr. Jolly's complaint primarily concerns actions taken by his physician, Dr. John Knudsen, at the prison. At one point, Dr. Knudsen increased the dosage of certain medicines that were prescribed to control Mr. Jolly's seizures, a change that Mr. Jolly says was unwarranted. Shortly afterward, Mr. Jolly claimed to suffer from blurred vision, dizziness, and severe headaches. In the subsequent weeks, Dr. Knudsen made various adjustments to Mr. Jolly's medication schedule, and had Mr. Jolly examined by a neurologist. The neurologist found that one medicine had reached a toxic level in Mr. Jolly's blood, and ordered a reduction in the dosage level for that medication.

The gravamen of Mr. Jolly's argument is that the increase in his dosage levels was detrimental to his health, and reflected a deliberate indifference on Dr. Knudsen's part to an excessive risk to Mr. Jolly's well-being. The district court rejected that argument, finding that Dr. Knudsen's decision to change Mr. Jolly's dosage levels was in response to blood tests indicating that the medications were at sub-therapeutic levels. The district court concluded that Mr. Jolly failed to make any showing that Dr. Knudsen was deliberately indifferent to any excessive risk to Mr. Jolly's health. *See Logan v. Clarke*, 119 F.3d 647, 649 (8th Cir. 1997). We review the district court's award of summary judgment in favor of the defendants *de novo*, *see Lynn v. Deaconess*

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

*Medical Center--West Campus*, 160 F.3d 484, 486 (8th Cir. 1998), drawing all inferences in favor of Mr. Jolly. *See* Fed. R. Civ. P. 56(c).

## II.

Prison officials or their agents violate the eighth amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Our court has interpreted this standard as including both an objective and a subjective component: "The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Mr. Jolly's appellate counsel candidly admitted in oral argument that the case that Mr. Jolly tried to make to the district court--that the increase in dosage levels reflected deliberate indifference on the part of Dr. Knudsen--was unwinnable. We agree with this assessment. Dr. Knudsen stated in his affidavit that he initially increased Mr. Jolly's dosage levels because the concentrations of the medicines in Mr. Jolly's blood were at sub-therapeutic levels. Mr. Jolly presented no evidence beyond his own unsupported speculation that this was untrue.

It is also undisputed that Dr. Knudsen saw Mr. Jolly on numerous occasions following the dosage changes, attempted various corrective actions, and referred Mr. Jolly to a specialist. Although multiple contacts with medical personnel do not always preclude a finding of deliberate indifference, *see Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991), *cert. denied*, 506 U.S. 836 (1992), Dr. Knudsen's actions in this case cannot reasonably be said to reflect deliberate indifference. The only relevant evidence in the record indicates that Dr. Knudsen's actions were aimed at

correcting perceived difficulties in Mr. Jolly's dosage levels. The record does not support a finding that the medical care in this case was "so inappropriate as to evidence intentional maltreatment," *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990).

On appeal, Mr. Jolly advances for the first time the theory that, in fact, he does not have a seizure disorder at all, and that it was Dr. Knudsen's efforts to treat this non-existent disease, both before and after the dosage increases, that constituted deliberate indifference. Mr. Jolly advances this theory now in spite of the fact that he himself has long made, both in this litigation and in earlier litigation before this court, *see Jolly v. Badgett*, 144 F.3d 573, 573 (8th Cir. 1998) (*per curiam*), the exact opposite contention, namely, that he does have a seizure disorder. "As a general rule, we do not consider arguments or theories on appeal that were not advanced in the proceedings below." *Wright v. Newman*, 735 F.2d 1073, 1076 (8th Cir. 1984). Although this is "not a flat rule but rather a matter of prudence and discretion," *Struempler v. Bowen*, 822 F.2d 40, 42 (8th Cir. 1987), we do not believe that deviation from the general rule is warranted here.

Dr. Knudsen had no warning that Mr. Jolly would raise such a theory on appeal, and the doctor was thus denied the opportunity to prepare the record in the district court that he might have prepared had he known of this new theory. *See Wright*, 735 F.2d at 1076. It bears emphasis in this context, we think, that Mr. Jolly's new theory focuses on the historic evidence that he has a seizure disorder and the reasons for originally prescribing the drugs used, and not on the events that led Dr. Knudsen to increase the medication levels.

Nor would it be manifestly unjust not to consider this new theory, because Mr. Jolly would not prevail on it in any event. In light of the pre-existing diagnosis of an epileptic seizure, and Mr. Jolly's own claims that he has historically had seizures, we do not believe that his reconstituted argument makes out a case for anything more than negligence on the part of his medical care providers. Mr. Jolly appears to contend simply that Dr. Knudsen either negligently misdiagnosed him or negligently relied on

the 1973 diagnosis.  In neither case does Mr. Jolly make out a violation of his eighth amendment rights.  *See Bellecourt v. United States*, 994 F.2d 427, 431 (8th Cir. 1993), *cert. denied*, 510 U.S. 1109 (1994) (an incorrect diagnosis does not violate a prisoner's eighth amendment rights); *see also Gamble*, 429 U.S. at 106 (medical malpractice does not violate a prisoner's eighth amendment rights).

## III.

Mr. Jolly also appeals from the district court's grant of summary judgment in favor of Jerry Jorgensen, ARA Health Services, Inc., and Correctional Medical Services.  Mr. Jorgensen was the health care administrator at the prison, and ARA (which was doing business as Correctional Medical Services), provided health care services there, using Dr. Knudsen as a contractor.  Mr. Jolly's theory of liability in the district court was that Mr. Jorgenson and the corporate defendants could be held liable, as supervisors, for acts by Dr. Knudsen.  Because we have found that Dr. Knudsen did not violate Mr. Jolly's rights, however, no liability can attach to Mr. Jorgensen or to the other two defendants as a result of Dr. Knudsen's actions.

## IV.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of the defendants.


A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.