# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 99-1435

_____

Ernest K. Stetter,

        Appellant,

    v.

John T. Riddick; Monroe County,
Iowa,

        Appellees.

*
*
*
*
*
*
*
*
*
*

Appeal from the United States
District Court for the
Southern District of Iowa.

[UNPUBLISHED]

_____

Submitted: December 15, 2000
Filed: March 30, 2001

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and HANSEN, Circuit
Judges.

_____

PER CURIAM.

Ernest Stetter appeals the district court's[1] adverse grant of summary judgment in
his 42 U.S.C. § 1983 action. We affirm.

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court
for the Southern District of Iowa.

Stetter was arrested for domestic abuse, criminal mischief, and assault, and he was taken to the Monroe County jail in the early morning on July 22, 1995. He was intoxicated at the time and does not remember how he got to the jail. During booking, Stetter complained that his ribs hurt. Later that afternoon, John Riddick, the Monroe County jail administrator, met with Stetter to assess his complaint. Riddick associated Stetter's discomfort with a fight that Stetter had been in the night before. Over the next couple of days, Stetter continued to complain, off and on, about his ribs and that it hurt to breathe. On July 24, Stetter was taken to a physician at the Monroe County Hospital. Upon x-ray, it was discovered that Stetter had a 100% pneumothorax on the left, or a collapsed left lung. He was transferred to the University of Iowa hospital by helicopter. His lung was reinflated by a chest tube and remained inflated after removal of the tube a few days later. There were no complications. He was released from the hospital on July 27. Stetter filed a 42 U.S.C. § 1983 action against Riddick, alleging deliberate indifference to his serious medical needs. He does not allege that the collapsed lung resulted from anything that occurred at the jail. The district court granted summary judgment in favor of Riddick. Stetter appeals.

We review a grant of summary judgment de novo. Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919 (8th Cir. 2000). To prevail on his claim of deliberate indifference, Stetter must establish that the medical deprivation was objectively serious and that Riddick subjectively knew of the serious medical need and refused to address it. See Moore v. Jackson, 123 F.3d 1082, 1086 (8th Cir. 1997).

Stetter asserts that Riddick acted with deliberate indifference in recklessly disregarding his serious medical needs after he had complained for two days about his ribs hurting and about having difficulty breathing. Although we agree that, in hindsight, Riddick should have taken Stetter to a doctor more promptly, we do not believe that Riddick's failure to act sooner amounted to a constitutional violation. Stetter must show more than negligence, more than even gross negligence, to rise to the level of a constitutional violation. Jolly v. Knudsen 205 F.3d 1094, 1096 (8th Cir. 2000).

Consequently, we affirm the judgment of the district court and conclude that his claim for equitable relief was correctly decided.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.