# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2222

_____

| | | |
|---|---|---|
| Maurice Moore, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Dr. John Duffy, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 14, 2001

Filed: July 6, 2001

_____

Before MORRIS SHEPPARD ARNOLD and HEANEY, Circuit Judges, and BATTEY, District Judge.[1]

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Dr. John Duffy brings this interlocutory appeal from the district court's[2] denial of his motion for summary judgment based on qualified immunity. We dismiss the appeal for lack of jurisdiction.

---

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

Inmate Maurice Moore filed a complaint under 42 U.S.C. § 1983, alleging that Dr. Duffy was deliberately indifferent to his serious medical needs in violation of the eighth amendment's prohibition against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Dr. Duffy moved for summary judgment based, in part, on qualified immunity. The district court denied the motion, concluding that there was a material fact issue regarding deliberate indifference and that qualified immunity was unavailable because, viewing the evidence favorably to Mr. Moore, Dr. Duffy's conduct was not objectively reasonable under clearly established law. Dr. Duffy contends on appeal that he is entitled to qualified immunity.

Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To establish his eighth amendment claim, Mr. Moore had to prove that he had "objectively serious medical needs" and that Dr. Duffy "actually knew of but deliberately disregarded those needs," *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999). " '[D]eliberate indifference includes something more than negligence but less than actual intent to harm'; it requires proof of a reckless disregard of the known risk," *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998), quoting *Newman v. Holmes*, 122 F.2d 650, 653 (8th Cir. 1997). Dr. Duffy acknowledges that he knew of the serious medical needs of Mr. Moore, who suffered from AIDS and hepatitis C, but argues that he is entitled to qualified immunity because he was not deliberately indifferent to those needs.

Mr. Moore contends that we lack jurisdiction over this appeal. Although there is ordinarily no appeal from the denial of summary judgment, "summary judgment determinations *are* appealable when they resolve a dispute concerning an 'abstract issu[e] of law' relating to qualified immunity ... typically, the issue whether the federal right allegedly infringed was 'clearly established' " (emphasis in original), *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996), quoting *Johnson v. Jones*, 515 U.S. 304, 317

(1995). A district court's determination of evidentiary sufficiency is not subject to an interlocutory appeal, however, simply because the determination occurs in a qualified immunity case. *See Behrens*, 516 U.S. at 313; *see also Johnson*, 515 U.S. at 319-20.

Although medical negligence does not violate the eighth amendment, *see Roberson*, 198 F.3d at 647, Dr. Duffy does not dispute that it was "clearly established" when he treated Mr. Moore that medical treatment may so deviate from the applicable standard of care as to evidence a physician's deliberate indifference, *see Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990). Often whether such a significant departure from professional standards occurred is a factual question requiring expert opinion to resolve, *see id.*; *see also Greason v. Kemp*, 891 F.2d 829, 835 (11th Cir. 1990). Here the district court concluded that the parties' conflicting expert opinions regarding the treatment rendered by Dr. Duffy created a material question of fact with respect to whether Dr. Duffy acted with deliberate indifference to Mr. Moore's medical needs. Because Dr. Duffy seeks to challenge only the district court's determination that the "the pretrial record sets forth a 'genuine' issue of fact for trial," *Johnson*, 515 U.S. at 320, we lack jurisdiction over the appeal.

Accordingly, we dismiss the appeal for lack of jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-