# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1160
_____

| | | |
|---|---|---|
| Ronald L. Snipes, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Oakdale Classification and Medical | * | |
| Center; Health Services; David J. Scurr; | * | [UNPUBLISHED] |
| Dr. Ann Mueller; D. Murray, R.N., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 4, 2002
Filed:   June 6, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Iowa inmate Ronald L. Snipes appeals the District Court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Having carefully reviewed the record, see Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (standard of review), we affirm.

_____

[1]The Honorable Ronald H. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

Snipes claimed that Clarinda Correctional Facility Dr. Ann Mueller and Nurse D. Murray were deliberately indifferent to his serious medical need: rectal bleeding from internal hemorrhoids. He alleged that Dr. Mueller had failed to recommend surgery, and that Dr. Mueller and Nurse Murray had denied him feminine maxi-pads to control his bleeding.

Assuming that Snipes's hemorrhoid condition constituted a serious medical need, the medical records and expert opinion he submitted fell far short of creating a triable issue on whether Dr. Mueller and Nurse Murray ignored an acute or escalating condition. See Jolly, 205 F.3d at 1096 (holding that an inmate must show that he suffered from serious medical need, which prison officials knew of and deliberately ignored; mere disagreement with treatment decisions does not rise to level of constitutional violation); Dulany v. Carnahan, 132 F.3d 1234, 1243 (8th Cir. 1997).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-