# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-2966

_____

Leroy McCoy, also known as Malik A.   *
Khabie,   *
  *
      Appellant,   *
  *
  *  Appeal from the United States
    v.   *  District Court for the
  *  Eastern District of Arkansas.
Max Mobley, Deputy Director,   *
Arkansas Department of Correction,   *  [UNPUBLISHED]
  *
      Appellee,   *
  *
Linda Hunt, Nurse, North Central Unit,   *
ADC; Bernard Williams, CMS,   *
Infirmary Manager, East Arkansas   *
Regional Unit, ADC; Melissa Hardin,   *
Nurse, North Central Unit, ADC; Chris   *
Spurlock, Nurse, North Central Unit,   *
ADC; Vicki Bybee, Regional Vice-   *
President of CMS; Tom Gensler,   *
Regional Medical Director, CMS; Ella   *
Taylor, RNP, East Arkansas Regional   *
Unit (originally sued as Jane Doe);   *
Thomas Hartmann, originally sued as   *
"T. Hartman"; Mekka Morrison   *
Spurlock, originally sued as "Mecca   *
Morrison"; Barbara Gilbert, originally   *
sued as "B. Gilbert"; Brenda Spears   *
Bearden, originally sued as "Brenda   *
Spears,"   *
  *
      Defendants.   *

_____

Submitted:     June 2, 2003
Filed:     June 6, 2003

_____

Before BOWMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

In this interlocutory appeal, Arkansas inmate Leroy McCoy, a/k/a Malik A. Khabie, appeals the district court's[1] final order granting summary judgment to defendant Max Mobley, the Arkansas Department of Correction Deputy Director. In McCoy's 42 U.S.C. § 1983 complaint, he based his claim against Mobley, who is not a health-care professional, on Mobley's responses, or lack thereof, to McCoy's grievances and letters about the allegedly inadequate medical care he was receiving. Having carefully reviewed the record, see Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (standard of review), we affirm.

We agree with the district court that McCoy failed to create a triable issue regarding his claim against Mobley. He offered nothing showing that Mobley was personally involved in his care, or that he facilitated, condoned, or ignored a known Eighth Amendment violation by prison medical staff. See Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002) (supervisory liability under § 1983; prison medical director who lacks medical expertise cannot be liable for treating staff's diagnostic decisions, and prison officials cannot substitute their judgment for medical professional's prescription); Jolly, 205 F.3d at 1096 (for Eighth Amendment violation, inmate must show he had objectively serious medical need which prison

_____

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

officials knew of and deliberately ignored); <u>Moody v. St. Charles County</u>, 23 F.3d 1410, 1412 (8th Cir. 1994) (to defeat summary judgment, party must substantiate allegations with sufficient probative evidence that would allow finding in his favor on more than mere speculation).

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.