# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1921

_____

| | | |
|---|---|---|
| Kenneth Dewayne Williams, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| John Byus, Director, Correctional | * | Eastern District of Arkansas. |
| Medical Services, ADC; Rick Toney, | * | |
| Warden, Varner Unit, ADC (originally | * | [UNPUBLISHED] |
| sued as Rick Tony); James Banks, | * | |
| Assistant Warden, Varner Super Max, | * | |
| ADC, originally sued as Banks; Rory | * | |
| Griffin, Unit Clinical Manager, Varner | * | |
| Unit, ADC (originally sued as | * | |
| "Griffin"), | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: October 6, 2003
Filed: October 23, 2003

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Kenneth Williams, an inmate in the Varner Super Max Unit of the Arkansas Department of Correction, appeals the district court's[1] final judgment for prison officials following a bench trial in his 42 U.S.C. § 1983 action. Williams claimed defendants showed deliberate indifference to his serious dental needs by requiring him to wait four months for extraction of an impacted wisdom tooth.

Reviewing the district court's bench-trial findings of fact for clear error and its conclusions of law de novo, see Cooper Tire & Rubber Co. v. St. Paul Fire & Marine Ins. Co., 48 F.3d 365, 369 (8th Cir.), cert. denied, 516 U.S. 913 (1995), we conclude that judgment for defendants was proper. The district court found that Williams significantly exaggerated his complaints of pain, see United States v. Causor-Serrato, 234 F.3d 384, 390 (8th Cir. 2000) (district court's credibility determinations are virtually unassailable on appeal), cert. denied, 532 U.S. 1072 (2001); and found, based on medical testimony, that he received appropriate dental care. We cannot say that defendants were deliberately indifferent to Williams's complaints where the record shows that he was examined repeatedly, and he received antibiotics and pain medication even though there was never conclusive medical evidence of swelling, bleeding, or infection. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (constitutional violation cannot rest on mere disagreement with treatment decisions); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (supervisory official liable only if personally involved in violation or if corrective inaction constituted deliberate indifference).

Accordingly, we affirm.

---

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).