# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1479

_____

| | | |
|---|---|---|
| John E. Belton, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Gary Kempker; Steinman; L. Luria; | * | Western District of Missouri. |
| Carol Gunter; Danny Stanton; | * | |
| Correctional Medical Services, Inc.; | * | [UNPUBLISHED] |
| Lea Pemberton; Steven Moore, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: August 6, 2004
Filed: August 30, 2004

_____

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Missouri inmate John Belton, formerly incarcerated at Western Missouri Correctional Center (WMCC), appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action in which he claimed Correctional Medical Services (CMS) and various employees or officials of CMS, WMCC, and the

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Missouri Department of Corrections, failed to provide him adequate care for his Hepatitis C virus, and were thereby deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.

Because Belton appeals only from the order granting summary judgment to CMS, Deborah Steinman, Dr. Lance Luria, and Dr. Danny Stanton, we dismiss the appeal as to the other listed appellees. As to the summary judgment order, we have carefully reviewed the record, see Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (standard of review), and we conclude the district court properly granted summary judgment, see Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (inmate's disagreement with medical treatment is not basis for Eighth Amendment claim); Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996) (if medical experts disagree over appropriate course of treatment, prison officials do not violate Eighth Amendment when they refuse to implement inmate's requested treatment).

Accordingly, we dismiss in part, and affirm. See 8th Cir. R. 47B.

_____