# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3520

_____

| | | |
|---|---|---|
| Roger Campbell, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Danny Hickman, Sheriff, Boone | * | District Court for the |
| County, Arkansas; Jerry Hopper, | * | Western District of Arkansas |
| Head Jailer, Boone County Jail; | * | |
| Jason Day, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: September 17, 2004
Filed: September 24, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Roger Campbell, an Arkansas inmate, appeals from the final judgment entered in the District Court[1] for the Western District of Arkansas dismissing with prejudice, following an evidentiary hearing, Campbell's 42 U.S.C. § 1983 action. For reversal,

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas.

Campbell argues his evidence showed that defendants were deliberately indifferent to his serious medical needs by not consistently dispensing his prescription medication and by delaying medical treatment for his resulting seizures, and that one defendant used excessive force on him. For the reasons discussed below, we affirm the judgment of the district court.

We agree with the district court that the evidence did not show defendants deliberately disregarded Campbell's serious medical needs by either intentionally denying him medication or delaying medical care. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (deliberate-indifference standard). Although Campbell missed his seizure medication two times, and his depression and high blood pressure medication at least three times, Campbell produced no evidence showing defendants intentionally denied, or delayed obtaining, these medications. Further, Campbell's seizure rate at the Boone County Jail was not abnormal given his testimony that he usually had between one and three seizures a month even on his medication. Also, he received emergency medical care following two of the seizures.

We also agree with the district court that the excessive-force claim failed for lack of proof. It was based on only general and conclusory hearsay testimony, and the named defendant, whose testimony the district court was entitled to credit, denied ever using pepper spray on Campbell. See Estate of Davis v Delo, 115 F.3d 1388, 1394 (8th Cir. 1997) (due regard should be given to district court's opportunity to judge witness credibility).

Accordingly, we affirm.

_____