# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-4200

———————

Michael Finnegan,

        Appellant,

v.

Dr. Maire; Unknown Nurse; Gale
Bailey; E. Jackson; Dr. Harrod,

        Appellees.

\* Appeal from the United States
\* District Court for the
\* Eastern District of Missouri.

\* [PUBLISHED]

———————

Submitted: March 29, 2005
Filed: April 28, 2005

———————

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and GRUENDER, Circuit
Judges.

———————

PER CURIAM.

Inmate Michael Finnegan appeals from the district court's[1] 28 U.S.C.
§ 1915(e)(2)(B) preservice dismissal of his 42 U.S.C. § 1983 lawsuit against Drs.
Maire, Harrod, and Jackson (dentists); Gale Bailey; and an unknown nurse at the
correctional center. Mr. Finnegan claimed Eighth Amendment violations based on
complications related to a June 2002 tooth extraction.

———————

[1]The Honorable E. Richard Webber, United States District Judge for the
Eastern District of Missouri.

We grant leave to appeal in forma pauperis, and we affirm the dismissal. See Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (de novo standard of review). The complaint contains no allegations against Dr. Jackson or Gale Bailey; and allegations of the unknown nurse's mere assistance to Dr. Maire during the extraction, and Dr. Harrod's later failure to see that Mr. Finnegan received a partial plate he had prescribed, are insufficient bases for Eighth Amendment claims. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (discussing requirements for Eighth Amendment claim).

As to Dr. Maire, Mr. Finnegan alleged that Dr. Maire was not qualified as an oral surgeon, that he failed to recognize he had punctured an artery, and that, despite Mr. Finnegan's extensive bleeding, Dr. Maire merely sutured and covered the area where he had removed two teeth. However, as the district court pointed out, Mr. Finnegan's complaint also stated that after the procedure, Dr. Maire indicated the procedure had been a difficult one and placed Mr. Finnegan in another chair for observation. When Mr. Finnegan became dizzy, he was taken to the prison's emergency room and then to a local hospital. We agree with the district court that the alleged actions of Dr. Maire do not rise to the level of deliberate indifference. See Bender v. Regier, 385 F.3d 1133, 1137 (8th Cir. 2004) ("Deliberate indifference entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); Jolly, 205 F.3d at 1096 (holding that a "prisoner must show more than negligence, more even than gross negligence" to prevail on an Eighth Amendment claim). While Mr. Finnegan's allegations may have stated a claim for negligence or gross negligence, they did not state a claim for deliberate indifference.

Accordingly, we affirm.

MORRIS SHEPPARD ARNOLD, Circuit Judge, concurring in part and dissenting in part.

I concur in the court's opinion except with respect to the preservice dismissal of the claims against Dr. Maire. Mr. Finnegan alleged that Dr. Maire was not qualified as an oral surgeon, that he failed to recognize he had punctured an artery, and that, despite Mr. Finnegan's extensive bleeding, Dr. Maire merely sutured and covered the area where he had removed two teeth. Mr. Finnegan also alleged that his bleeding was not controlled until he was taken to a local hospital, and that he was eventually transferred to another hospital where he required a blood transfusion, and a CT scan revealed a "hemorrhaged sinus artery." I believe that these pro se complaint allegations could be construed as claiming Dr. Maire's treatment so deviated from the applicable standard of care as to evidence deliberate indifference, see Moore v. Duffy, 255 F.3d 543, 545 (8th Cir. 2001) (whether significant departure from professional standards occurred is often factual question necessitating expert opinion for resolution), and that it was improper to dismiss Dr. Maire at this stage in the litigation, see Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996) (per curiam) (complaint should not be dismissed for failure to state claim unless it is clear plaintiff can prove no set of facts supporting his claim which would entitle him to relief; pro se complaints must be liberally construed). I would therefore reverse the judgment as to Dr. Maire and remand for service of the complaint on him.

_____