# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-2105

_____

T. W. Johnson,                                          *
                                                        *
                    Appellant,                          *
                                                        *   Appeal from the United States
        v.                                              *   District Court for the
                                                        *   Eastern District of Arkansas.
Natalie Jones, Correctional Officer,                    *
East Arkansas Regional Unit, ADC;                       *   [UNPUBLISHED]
Patricia Stokes, Correctional Officer,                  *
East Arkansas Regional Unit, ADC;                       *
Jamaal Davenport, Correctional Officer,                 *
EARU, ADC (originally sued as                           *
Davenport),                                             *
                                                        *
                    Appellees.                          *

_____

Submitted: May 19, 2005
    Filed: May 24, 2005

_____

Before BYE, RILEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate T. W. Johnson appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Having carefully reviewed the record, see Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (standard of review), we affirm.

We agree with the district court that Johnson cannot seek damages based on his assertion that defendants failed to protect him from the possibility he could have been the victim when one inmate attacked another. See Doe v. Welborn, 110 F.3d 520, 523 (7th Cir. 1997). Further, Johnson's assertion that defendant Officer Natalie Johnson retaliated against him and conspired with others to retaliate against him because Johnson ended an affair with her does not state an actionable claim of retaliation or conspiracy. See Nei v. Dooley, 372 F.3d 1003, 1007 (8th Cir. 2004) (per curiam) (conduct that retaliates against exercise of constitutionally protected right is actionable); Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999) (to prove § 1983 conspiracy claim, plaintiff must show constitutional deprivation occurred).

Accordingly, we affirm. See 8th Cir. R. 47B.

────────────────────────────

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.