# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3131

_____

Tracy Burger, as Personal
Representative of the Estate of
Anthony King,

        Appellant,

v.

Jeff Bloomberg; Doug Weber; Bob
Dooley; Grace Schulte; Eugene Regier;
Sioux Valley Hospital Association;
State of South Dakota Department of
Corrections,

        Appellees.

\*
\*
\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of South Dakota.
\*
\*
\*  [PUBLISHED]
\*
\*
\*
\*

_____

Submitted: August 5, 2005
Filed: August 15, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

      Tracy Burger (Burger), as personal representative of Anthony King's (King) estate, appeals the district court's[1] adverse grant of summary judgment. After King

_____

[1]The Honorable John E. Simko, United States Magistrate Judge for the District of South Dakota, to whom the case was referred for final disposition by consent of

died while in the custody of the South Dakota Department of Corrections (DOC), Burger sued the DOC, certain DOC officials, the Sioux Valley Hospital Association, and two medical professionals, claiming violations of section 504 of the Rehabilitation Act (Rehab Act). Burger based her claim on allegations of inadequate medical care for King's diabetes.[2]

Having conducted a de novo review of the record, see Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000), we agree with two other circuits that have recently concluded a lawsuit under the Rehab Act or the Americans with Disabilities Act (ADA) cannot be based on medical treatment decisions, see, e.g., Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (Rehab Act, like ADA, was never intended to apply to decisions involving medical treatment); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (inmate's claims under Rehab Act and ADA were properly dismissed for failure to state claim as they were based on medical treatment decisions). Cf. Monahan v. Nebraska, 687 F.2d 1164, 1170-71 (8th Cir. 1982) ("We do not read § 504 as creating general tort liability for educational malpractice . . . .").

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

the parties pursuant to 28 U.S.C. § 636(c).

[2]Burger waived her remaining claims on appeal. See Shade v. City of Farmington, Minn., 309 F.3d 1054, 1058 n.6 (8th Cir. 2002).