# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4072

_____

Lautha Anderson, Sr.,      *
     *
       Appellant,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    Western District of Missouri.
Missouri Department of Corrections;    *
State of Missouri; Correctional Medical   *      [UNPUBLISHED]
Services; D. Bellkw; Mike Kemna;      *
Rhonda Almanza; Mathews; Newkirk;    *
Central Office Legal Department; E.      *
Conley,      *
     *
       Appellees.      *

_____

Submitted: October 7, 2005
Filed: November 2, 2005

_____

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Lautha Anderson appeals the district court's preservice dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. Anderson alleged that the Missouri Department of Corrections, the State of Missouri, Correctional Medical Services, "Mrs. Bellkw," Crossroads Correctional Center (CrCC) Superintendent Mike Kemna, R.N. Rhonda Almanza, CrCC Dr. Mathews,

CrCC Dr. Newkirk, Central Office Legal Department, Regional Director Mr. E. Conley, CrCC "Nurse Sue," and CrCC Dr. Kuruvilla were deliberately indifferent to his serious medical needs.

Having carefully reviewed the record, we conclude preservice dismissal was inappropriate as to Drs. Mathews, Newkirk, and Kuruvilla, and Nurse Sue. Liberally construing the complaint, Anderson might prove facts demonstrating that each of these defendants was deliberately indifferent to Anderson's serious medical needs. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (pro se complaint must be liberally construed); Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (complaint fails to state claim if it appears beyond doubt plaintiff can prove no facts entitling him to relief); Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (standard for deliberate-indifference claim). We therefore remand so those defendants may be served and the claims against them may be further developed.

The judgment is affirmed as to the remaining defendants, however, because either they are not subject to suit under section 1983, or Anderson failed to allege how they personally were involved in the deprivation of his rights.

_____