# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3745

———————

Mark Richard Still,                                    *
                                                       *
          Appellant,                         *
                                                       *      Appeal from the United States
    v.                                       *      District Court for the Eastern
                                                       *      District of Missouri.
Steven Crawford, M.D.; Correctional                    *
Medical Services,                                      *            [UNPUBLISHED]
                                                       *
          Appellees.                         *

———————

Submitted: November 3, 2005
Filed: November 8, 2005

———————

Before ARNOLD, SMITH, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

    In this 42 U.S.C. § 1983 action alleging deliberate indifference to Missouri inmate Mark Still's medical needs, Mr. Still appeals the district court's[1] dismissal of defendant Correctional Medical Services (CMS) and the grant of summary judgment to physician Steven Crawford. We affirm.

_____

    [1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

Initially, we conclude that the district court appropriately dismissed CMS prior to service and did not abuse its discretion in denying Mr. Still's motions for appointment of counsel. See Burke v. N.D. Dep't of Corr. & Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002) (per curiam) (corporation acting under color of state law may be liable only if policy, custom, or action by those who represent official policy inflicts injury actionable under § 1983); Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (de novo review of 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals); Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (standard of review and relevant factors in appointing counsel).

Upon de novo review, we also conclude the record shows conclusively that Dr. Crawford was not deliberately indifferent to Mr. Still's back pain, diabetes, or liver condition. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (summary judgment standard of review; Eighth Amendment deliberate-indifference claim). Each time Mr. Still complained of back pain, Dr. Crawford examined him and prescribed ibuprofen or Tylenol; sometimes Dr. Crawford issued medical lay-ins, and once a lifting restriction; and Dr. Crawford ordered that Mr. Still receive a bottom bunk. When Mr. Still saw other physicians, their assessments and treatment were consistent with Dr. Crawford's, and blood test results were inconsistent with Mr. Still's complaints of severe joint inflammation. Cf. Estelle v. Gamble, 429 U.S. 97, 107 (1976) (where medical personnel saw inmate 17 times in 3 months and treated back strain with bed rest, muscle relaxants, and pain relievers, their failure to x-ray inmate's back or implement other diagnostic techniques or treatment was not deliberate indifference). Although Mr. Still was scheduled to see a doctor about his diabetes at chronic-care appointments every six months, he routinely saw Dr. Crawford almost monthly. Dr. Crawford ordered blood work every six months; frequently adjusted Mr. Still's insulin due to his complaints and blood test results; educated Mr. Still about proper nutrition; and ordered that Mr. Still's blood sugars be tested twice daily. See Jolly, 205 F.3d at 1096-97 (prison doctor was not deliberately indifferent for increasing epilepsy medication dosage levels where he

saw prisoner on numerous occasions following dosage changes, attempted various corrective actions, and referred prisoner to specialist). After Mr. Still tested positive for hepatitis C, Dr. Crawford referred him to a specialist, who evaluated his need for interferon testing, and Mr. Still received an immunization for hepatitis B. Last, Mr. Still tested negative for hepatitis A, and his normal ferritin levels indicated he did not have hemachromatosis.

Accordingly, we affirm the judgment of the district court.

_____