BYE, Circuit Judge,
concurring in part and dissenting in part.
I join the majority opinion except in the following respects. I believe that Rowe presented sufficient evidence to proceed with his claim against Dr. Anderson for inadequate treatment of his Hepatitis C. At the time of the hearing Rowe was still waiting for a GI referral. He testified that he had been denied a liver biopsy, without which he could not show the extent of harm from the lack of proper treatment; and that Dr. Dotson had ordered a GI consultation, but Dr. Anderson had deferred it despite three liver function tests showing elevated ALT (alanine aminotransferase) levels. Dr. Dotson testified that a referral should be made in some circumstances after a single elevated ALT level, and that the only adequate treatment would have been referral to a GI specialist. Defendants did not introduce medical records showing that Rowe received adequate treatment. See Moore v. Duffy, 255 F.3d 543, 545 (8th Cir.2001) (whether medical treatment so deviates from applicable standard of care as to show deliberate indifference is often factual question requiring expert opinion to resolve); Randle, 48 F.3d at 303 (court must resolve direct factual conflicts in favor of plaintiff, assume as true all facts supporting plaintiff which evidence tends to prove, and give plaintiff benefit of all reasonable inferences; inquiry is whether evidence so viewed would allow reasonable jurors to differ as to conclusions that could be drawn); Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir.1990) (medical care so inappropriate as to evidence refusal to provide essential care violates Eighth Amendment). I further believe that Rowe presented sufficient unrebutted testimony to proceed with his claim for missed medication against CMS Medical Manager Griffin, to whom Rowe submitted many complaints about the issue, and against CMS Nurse Sanders, the chronic care nurse to whom he also complained. See Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (deliberate indifference includes intentional interference with prescribed treatment).
For these reasons, I respectfully dissent in part.