# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2136

_____

Roger Dale Sims,

        Appellant,

v.

G. Lay, Warden, Cummins Unit, ADC;
Jerry Moore, Mental Health
Administrator, Cummins Unit, ADC; J.
Hall, Counselor, Cummins Unit, ADC,

        Appellees.

\* Appeal from the United States
\* District Court for the
\* Eastern District of Arkansas.

\* [UNPUBLISHED]

_____

Submitted: January 23, 2007
Filed: February 2, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Roger Dale Sims appeals the dismissal of his 42 U.S.C. § 1983 action claiming Eighth Amendment violations against several employees of the Arkansas Department of Correction. Reviewing de novo, see Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998), we affirm in part and reverse in part.

We conclude that Sims's allegations against Cummins Unit Mental Health Administrator Jerry Moore and Counselor Jeanette Hall--that they deliberately disregarded his serious medical need by deciding to move him from mental health housing, falsely attributing the decision to Sims's psychiatrist--amount to a disagreement over a treatment decision. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (for deliberate-indifference claim, plaintiff must demonstrate that he suffered from objectively serious medical need that defendants knew of yet ignored; mere disagreement with treatment decisions does not rise to level of constitutional violation). Because this decision in itself did not amount to a constitutional deprivation, there can be no supervisory liability for the decision. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990).

We conclude, however, that Sims stated a deliberate-indifference claim against Warden Gaylon Lay as a policy maker. Sims alleged that--through his grievances-- Warden Lay knew of the Cummins Unit's constitutionally inadequate housing and staffing for mental health inmates yet failed to correct the situation. Cf. Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987) (per curiam) (warden's responsibility for overseeing prison operations is insufficient to establish personal involvement required to support § 1983 liability for guards' beating of inmate, but warden might be liable for policy decisions resulting in alleged unconstitutional conditions). Sims alleged that he was unable to see a psychiatrist or psychologist when he needed to, and that insufficient housing for mental health inmates resulted in their inappropriate placement in administrative segregation and general population. We believe that whether the housing and staffing at the Cummins Unit were adequate to meet Sims's serious mental health needs is a factual question as to which dismissal on the pleadings was inappropriate. See Moore v. Duffy, 255 F.3d 543, 545 (8th Cir. 2001) (medical treatment may so deviate from applicable standard of care as to show deliberate indifference, but such departure is factual question often requiring expert opinion to resolve); Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001) (failure to supply medical care can constitute Eighth Amendment violation).

Accordingly, we affirm in part, and we reverse and remand for further proceedings on this deliberate-indifference claim against Warden Lay.

_____