**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 22, 2011[*]
Decided November 22, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-2337

| | |
|---|---|
| MICHAEL HOLLOWAY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 10 C 122 |
| PARTHASARATHI GHOSH, et al., | |
| *Defendants-Appellees.* | Ruben Castillo, |
| | *Judge.* |

**O R D E R**

Michael Holloway, an Illinois prisoner, sued several staff members at Stateville Correctional Center under 42 U.S.C. § 1983, claiming that they deliberately ignored his knee pain in violation of the Eighth Amendment. The district court dismissed the complaint for failure to state a claim. We affirm the judgment.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Holloway has a history of knee pain. He first injured his knee in 2000, and he retwisted it in 2008. An x-ray revealed that his knee was "normal," but he requested knee surgery. Dr. Liping Zhang, a prison physician, opined that Holloway's knee would heal on its own and prescribed pain medicine.

Holloway sued Dr. Zhang, two of her supervisors, and the prison warden. The district court recruited counsel for Holloway but allowed the attorney to withdraw after he concluded that no "good-faith basis" existed to file an amended complaint. Holloway asked the court to recruit another attorney and also filed his own amended complaint. He acknowledged that Dr. Zhang had prescribed pain medicine and that medical staff had ordered four knee x-rays which revealed normal results, but still asserted that the staff should have sent him to an orthopedic surgeon and ordered an MRI of his knee.

The district court dismissed Holloway's complaint because his allegations did not plausibly state a claim for deliberate indifference. Holloway asserted personal involvement only by Dr. Zhang, the court explained, and his allegations against the doctor were too speculative to support a claim that she deliberately ignored Holloway's knee pain.

Holloway argues on appeal that his allegations of inadequate care met the less stringent pleading standards for pro se litigants. Even liberally construed, however, his complaint fails to state a claim for deliberate indifference. By Holloway's own admission, medical staff had been monitoring his knee regularly, and Dr. Zhang prescribed pain medicine. No plausible account of the facts shows that the defendants knowingly disregarded his condition. *See McGowan v. Hulick*, 612 F.3d 636, 641 (7th Cir. 2010); *Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008); *Finnegan v. Maire*, 405 F.3d 694, 695–96 (8th Cir. 2005). Holloway's insistence on meeting with an orthopedic specialist and having an MRI amounts only to a disagreement with the adequate course of treatment chosen by Dr. Zhang, and this disagreement does not rise to a cognizable claim of deliberate indifference. *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006); *Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir. 2003); *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011).

Holloway also argues that the district court should have recruited another attorney to file an amended complaint for him. But he had no right to court-appointed counsel in his civil suit, *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010), and having another attorney would not have changed the outcome of the litigation, *see Pruitt v. Mote*, 503 F.3d 647, 659 (7th Cir. 2007) (en banc). Given Holloway's competent filings and the straightforward nature of the case, the district court did not abuse its discretion by declining to recruit a second attorney for him. *Romanelli*, 615 F.3d at 852; *Pruitt*, 503 F.3d at 654–55.

Accordingly, we AFFIRM the judgment.