# United States Court of Appeals

### For the Eighth Circuit

_____

No. 25-1712

_____

Mark Lee Jackson

*Plaintiff - Appellant*

v.

Muscatine County, Iowa; Quinn Reese, Muscatine County Sheriff; John Doe, Lt.,
Captain, or Deputy Supervisor Muscatine County; James Barry, Muscatine County
Attorney; John Wunder, Muscatine County Magistrate

*Defendants - Appellees*

_____

No. 25-1714

_____

Mark Lee Jackson

*Plaintiff - Appellant*

v.

Polk County, Iowa; Kevin Schneider, Polk County Sheriff; John Doe, Unknown
Lt., Captain, or Deputy Supervisor

*Defendants - Appellees*

_____

No. 25-1716
_____

Mark Lee Jackson

*Plaintiff - Appellant*

v.

Scott County; Tim Lane, Scott County Sheriff; John Doe, Unknown Lieutenant, Captain, Supervisor or Jail Administrator

*Defendants - Appellees*
_____

Appeals from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: October 1, 2025
Filed: October 6, 2025
[Unpublished]
_____

Before ERICKSON, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

In these consolidated appeals, Iowa inmate Mark Jackson appeals the district court's pre-service dismissals of his pro se 42 U.S.C. § 1983 actions arising from: an incident in which he was detained in Polk County, pursuant to warrants issued by

Muscatine and Scott Counties, after completing a time-served sentence; and his medical treatment after being transferred to Muscatine County custody.

Upon careful consideration, we conclude that the district court did not err in dismissing Jackson's municipal and official capacity claims, his conspiracy claims, his personal capacity claims against the sheriffs of each county, his claims against the Muscatine County Magistrate and Attorney, or the claims Jackson sought to add in his motion to amend his complaint against the Scott County defendants. See Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (de novo review).

We also conclude that Jackson's claims against the Muscatine County defendants based on his extended detention failed to adequately allege that any officers acted with more than mere negligence with respect to his detention in Polk County and the delay of his initial appearance. See Hayes v. Faulkner Cty., 388 F.3d 669, 673-74 (8th Cir. 2004) (for due process claims based on an extended detention without an initial appearance following arrest by a valid warrant, court considers whether defendants' conduct offended the standards of substantive due process and whether the totality of the circumstances shocks the conscience; deliberate indifference may sufficiently shock the conscience to amount to a substantive due process violation); Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (to prove deliberate indifference, plaintiff must show more than negligence or even gross negligence).

However, we conclude that, at this early stage, Jackson's allegations against the Polk and Scott County defendants were sufficient to state a claim based on his 22-day detention before having an initial appearance. See Hayes, 388 F.3d at 674 (defendants were deliberately indifferent where jail policy attempted to delegate responsibility for taking arrestees promptly before a court and ignored the jail's authority for long term confinement; conscious decision to do nothing by jailer who received plaintiff's grievance about not having an initial appearance constituted

deliberate indifference; concluding, after summary judgment, that county's and jailer's failure to take plaintiff before a judge for 38 days shocked the conscience); Coleman v. Frantz, 754 F.2d 719, 725 (7th Cir. 1985) (concluding, after summary judgment, that 18-day detention without initial appearance violated plaintiff's constitutional rights).

While the district court found that Jackson's detention claims against the Scott County defendants were barred under Heck v. Humphrey, 512 U.S. 477 (1994), we conclude that a finding that his rights were violated by the denial of a timely initial appearance would not necessarily imply the invalidity of his state court convictions. See Heck, 512 U.S. at 487 (plaintiff cannot bring § 1983 suit where judgment in his favor would necessarily imply the invalidity of his conviction or sentence); Howsare v. Iowa Dist. Ct. for Polk Cty., 986 N.W.2d 114, 119 (Iowa 2023) (dismissal of a criminal charge is not the appropriate remedy for an unlawful detention).

As to Jackson's claims based on his medical treatment in Muscatine County custody, we conclude that Jackson failed to state a claim based on his treatment following a seizure, as he did not allege that he was harmed as a result of not being taken to the hospital and being placed on medical watch in the booking area and meeting room. See Irving v. Dormire, 519 F.3d 441, 448 (8th Cir. 2008) (§ 1983 action requires plaintiff to suffer some actual injury before receiving compensation); Jolly, 205 F.3d at 1096 (mere disagreement with treatment decisions does not rise to the level of a constitutional violation). However, we conclude that Jackson adequately stated a claim based on jail medical staff's failure to provide him with PTSD medication, as he alleged that they were aware of his medical condition and that he suffered PTSD symptoms as a result of being denied his prescribed medication. See Johnson v. Leonard, 929 F.3d 569, 575 (8th Cir. 2019) (detainee is entitled to at least as much protection under the Fourteenth Amendment as under the Eighth; to prove deliberate indifference claim, plaintiff must show that he had

objectively serious medical need, and that defendants knew of and disregarded that need).

Accordingly, we reverse in part and remand to the district for further proceedings as to Jackson's personal capacity claims against the unidentified Muscatine County jail medical staff for denying him PTSD medication, and against the unidentified Polk and Scott County jail staff for depriving him of a timely initial appearance, as well as his state claims; and we otherwise affirm.

_____